POLK COUNTY JUVENILE HOME, Petitioner-Appellant,

v.

The IOWA CIVIL RIGHTS COMMISSION, Respondent-Appellee.

No. 2–66477.

Court of Appeals of Iowa.

May 25, 1982.

Dan Johnston, Polk County Atty., and Thomas M. Werner, Asst. Polk County Atty., for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Victoria L. Herring, Asst. Atty. Gen., for respondent-appellee.

SNELL, Judge.

Petitioner-employer seeks review of the district court decision, on judicial review, which affirmed respondent-commission's finding of sex discrimination, contending (1) the evidence was sufficient to establish there was no job opening and alternatively, (2) sex is a bona fide occupational qualification for the job at issue. We hold the district court did not commit an error at law in finding substantial evidence to support the agency determination.

On April 25, 1976, an advertisement appeared in the Des Moines Register and Tribune seeking applicants for the position

of Child Care Worker to work with boys at the Polk County Juvenile Home (Home) on the 3:00 p. m. to 11:00 p. m. shift. A second advertisement appeared in the May 2, 1976, edition, seeking male job applicants for the child care worker position. The complainants before the Iowa Civil Rights Commission, Patricia Booker-Ratliff and Rosalee J. Thompson, responded to the advertisement of April 25, 1976. Both women were informed the Home sought a male for the advertised position.

Ms. Booker-Ratliff and Ms. Thompson then filed independent complaints with the Iowa Civil Rights Commission alleging employment discrimination on the basis of sex in violation of section 601A.6, The Code 1975. They also contended the Home had not filed the required bona fide occupational affidavit with the Des Moines Register and Tribune establishing the necessity of seeking only male applicants for the job. After an investigation, the Commission rendered a probable cause finding to support the allegations of discrimination. The two cases were then consolidated for hearing before a hearing officer.

On May 19, 1980, the hearing officer issued his findings of fact, conclusions of law and proposed decision and order. He found the Home had improperly discriminated against the complainants on the basis of their sex in violation of section 601A.6, The Code 1975. The hearing officer concluded the Home was liable to the complainants for back pay.

The Home filed an appeal of the hearing officer's decision with the Iowa Civil Rights Commission. The Commission affirmed the hearing officer's decision and adopted his findings of fact, conclusions and order.

The Home then filed a petition for judicial review of the Commission's order with the Polk County District Court. After a hearing on the petition, the district court affirmed the Commission's finding of sex discrimination in employment. The Home now appeals that decision to this court.

### I. Scope of Review.

District court review of agency fact findings is governed by section 17A.19(8), The Code 1979. The trial court will uphold agency fact findings that are supported by substantial evidence in the record, viewed as a whole, made before the agency. *Id.; Hawk v. Jim Hawk Chevrolet Buick Inc.*, 282 N.W.2d 84, 86–87 (Iowa 1979). Evidence is substantial when a reasonable mind would accept it as sufficient to support a conclusion. *Id.* at 86. The possibility of drawing two inconsistent conclusions from the evidence does not prevent the agency's finding from being supported by substantial evidence. *City of Davenport v. Public Employees Retirement Board*, 264 N.W.2d 307, 311 (Iowa 1978). In *Hoffman v. Iowa Department of Transportation*, 257 N.W.2d 22 (Iowa 1977), the supreme court stated:

> An appeal from the determination of the district court is allowed under § 17A.20. Our review in a contested case under § 17A.20 is not de novo. Our task is to review the record in the manner specified in § 17A.19(7) and make anew the judicial determinations specified in § 17A.19(8). Our review is limited, as the district court's review should have been, to the record made before the hearing officer.
>
> The sole question, then, for our determination is whether the record before the hearing officer [contains substantial evidence supporting the agency determination]

In this case our review is limited to a determination of whether the district court erred in finding substantial evidence of sex discrimination in employment in violation of section 601A.6, The Code 1975. We look for substantial evidence to support the agency's findings of fact and assess whether the district court correctly applied the law to the facts as found by the agency.

### II. Burden of Proof

Appellant initially argues the district court erroneously placed upon appellant the burden of proving a nondiscriminatory reason for not hiring complainants.

In an action of this nature, the plaintiff

has the burden of proving by a preponderance of evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection. [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)]. *Id.* at 802, 93 S.Ct. 1817 [, 1824, 36 L.Ed.2d 668]. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Id.* at 804, 93 S.Ct. 1817 [at 1825], 36 L.Ed.2d 668.

*Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207, 215 (1981); *see also Linn Co-op Oil Co. v. Quigley*, 305 N.W.2d 729, 733 (Iowa 1981); *Iowa Civil Rights Commission v. Woodbury County Community Action Agency*, 304 N.W.2d 443, 448–49 (Iowa App.1981).

In this case, the Home argued there was a legitimate, nondiscriminatory reason for not hiring the complainants. The Home claimed the advertisement was printed by error and there was no job opening at the Home at that time. There was testimony presented to the hearing officer that indicated the advertisement was run by mistake. The hearing officer, however, concluded that testimony was not credible. In doing so, the hearing officer did not impose the burden upon appellant to prove the existence of a legitimate reason for not hiring the complainants. The hearing officer merely concluded the testimony was not credible. Essentially, the hearing officer concluded there was substantial evidence "that the legitimate reasons offered by the defendant were a pretext for discrimination. *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1093, 67 L.Ed.2d at 215. Neither the hearing officer nor the district court applied an incorrect rule of law with respect to the allocation of burden of proof. Appellant's position on this issue is meritless.

**III. Substantial Evidence.**

Appellant contends the trial court erred in finding substantial evidence to support the agency's determination that the bona fide occupation qualification (BFOQ) exception did not apply to the positions the complainants sought. Under section 601A.6(1)(a), The Code 1975, an employer is permitted to discriminate on the basis of sex when such a practice is justified by a bona fide occupational qualification. Since the BFOQ exception is contrary to the premise of the Iowa Civil Rights Act, it must be strictly construed. *See Gunther v. Iowa State Men's Reformatory*, 612 F.2d 1079, 1085 (8th Cir. 1980), *cert. denied*, 446 U.S. 966, 100 S.Ct. 2942, 64 L.Ed.2d (1981). In order to justify the BFOQ exception, there must be no less restrictive alternative reasonably available to the employer. *Id.* at 1087. The hearing officer in this case concluded the BFOQ exception was available to the Home to classify five of the thirteen positions as male only and five female only. The hearing officer reasoned that since the duties of the positions included supervising the male and female residents in the showers, a limited number of "male only" and "female only" positions were justified to protect the privacy interests of the residents. The hearing officer concluded the remaining three positions could have been filled with either men or women without sacrificing administrative efficiency, internal security or safety and without infringing the residents' privacy interests.

We find, as did the district court, substantial evidence to support all of the agency's findings of fact. Particularly, we note there is substantial evidence of the fact a position was available at the Home. We also agree with the agency's finding that substantial evidence establishes that three of the thirteen positions could have been filled with either men or women. Further,

we do not find substantial evidence that a BFOQ exception is applicable. Accordingly, we affirm the district court, which affirmed the findings and conclusions of the agency.

AFFIRMED.