Dallas Leroy HERRING,
Plaintiff-Appellee,

v.

IOWA LAW ENFORCEMENT ACADE-MY, Defendant-Appellant.

No. 83–107.

Court of Appeals of Iowa.

Sept. 27, 1983.

Thomas J. Miller, Atty. Gen., and Gary L. Hayward, Asst. Atty. Gen., for defendant-appellant.

Jeffrey B. Millhollin of Mullin & Millhollin, Corning, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, HAYDEN, and SACKETT, JJ.

HAYDEN, Judge.

Defendant-agency appeals from the decision of the district court reversing the agency's dismissal of plaintiff from the academy.

Plaintiff, Dallas Herring, was enrolled in the Iowa Law Enforcement Academy. On February 25, 1981, several students reported that plaintiff's wallet had been stolen from his room. Plaintiff stated that he did not report the theft himself because he wanted to be sure that he had not left the wallet elsewhere before making accusations. Later the same day, plaintiff found the wallet in his room with $200 missing from it. After an investigation of the incident, a hearing was held before the Iowa Law Enforcement Academy Council. The Council's decision was to expel plaintiff on the grounds that he had knowingly allowed a false report of theft to be made and investigated. without informing the authorities of its falsity.

The trial court ruled without a hearing that there was insufficient evidence to support the agency action. On appeal, 332 N.W.2d 133 (Iowa App.1982), this court held that the district court should have allowed the agency to present its case. On remand, the court, after a hearing, again concluded that the defendant's dismissal of plaintiff was not supported by substantial evidence. We affirm.

▇ Judicial review of administrative agency action is limited by Iowa Code section 17A. 19(8) (1983). Review is not de novo. The district court reviewing the record on a whole, determined that the agency decision was unsupported by substantial evidence. *See* Iowa Code § 17A.19(8)(f). Evidence is substantial when a reasonable mind would accept it as sufficient to support a conclusion. *Polk County Juvenile Home v. Iowa Civil Rights Commission*, 322 N.W.2d 913, 915 (Iowa App.1982). It

need not be a preponderance, but a mere scintilla will not suffice. *Volkswagen Iowa City, Inc. v. Scott's Incorporated,* 165 N.W.2d 789, 793 (Iowa 1969).

In the present case, the evidence upon which the agency based its decision consisted of: (1) references to three polygraph tests which allegedly indicated plaintiff was being untruthful; and (2) the agency's skepticism that the theft occurred. The agency found it hard to believe that plaintiff would not have reported the theft immediately, that he did not use any of his breaks that day to check and see if he had left the wallet somewhere else, and that the thief would return the wallet to plaintiff's room after taking the money.

## I.

We do not need to consider whether polygraph results are admissible in contested cases as "the kind of evidence on which reasonably prudent persons are accustomed to rely for the conduct of their serious affairs." Iowa Code § 17A.14(1). In this case, the actual results of the polygraph were never brought before the agency. Various references were made that the plaintiff had "failed" the tests but nothing more specific was ever considered. We do not believe that such unsubstantiated reports, standing alone, are sufficient to justify the agency's conclusion. The supreme court has noted that the validity of a polygraph result depends on the skill and integrity of the person administering the test.

*State v. Conner,* 241 N.W.2d 447, 459 (Iowa 1976). Here there was no evidence identifying the polygraph operator, his qualifications, the number of such tests he had administered, the specific questions plaintiff allegedly answered untruthfully, the exact physical responses which led the operator to his conclusion, or the conditions under which the tests were given. Without some indication of the validity of the test the agency was not justified in basing its decision solely on secondhand reports of test results.

## II.

Plaintiff's version of the theft was uncontradicted. There was no evidence, direct or circumstantial, that would support a contrary finding except the defendant-agency's disbelief that the theft occurred and its suspicion that plaintiff should have reacted differently in the situation. We feel that before the agency takes the drastic measure of terminating a person's career it must have more evidence than was presented in this case. Therefore, the decision of the district court is affirmed.

AFFIRMED.