**Forrest McCLURE, Petitioner-Appellee,**

v.

**IOWA REAL ESTATE COMMISSION, Respondent-Appellant.**

No. 84-241.

Court of Appeals of Iowa.

Sept. 6, 1984.

Thomas J. Miller, Atty. Gen., and James M. Peters, Asst. Atty. Gen., for respondent-appellant.

Ronald A. Baybayan, Des Moines, for petitioner-appellee.

Considered by SNELL, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

The trial court disallowed the action of the Respondent-Appellant, Iowa Real Estate Commission (hereinafter "Respondent" or "Real Estate Comm."), which revoked the broker's license of the Petitioner-Appellee, Forrest McClure (hereinafter "Petitioner" or "Mr. McClure").

Mr. McClure is a licensed real estate broker who, at all times relevant to this appeal, was employed by Iowa Realty Co., Inc. On June 22, 1982, Mr. McClure met with John and Kathleen Hill at their home and discussed listing it for sale, though no listing agreement was ever entered into by the parties. Petitioner had no further contact with the Hills until October 17, 1982, when John and Kathleen attended an open house which Mr. McClure was conducting at 2114 Glenbrook Drive in Des Moines, Iowa.

Mr. and Mrs. Hill signed an offer to purchase the home on Glenbrook Drive and, in addition, gave the petitioner a $500 check in earnest money. The earnest money was deposited into the trust account of Iowa Realty Co., Inc.

Mr. & Mrs. Hill had problems in obtaining the necessary financing for the home on Glenbrook. On December 3, 1982, after meeting with an official of the Veteran's Administration, it was clear that financing would not be available, and the Hills' offer to purchase became null and void. On or about December 17, 1982, Mr. McClure asked Iowa Realty to issue a refund check to the Hills on their earnest money deposit. A check was drawn, but never delivered to Mr. and Mrs. Hill. Petitioner signed the names of both John and Kathleen Hill to the back of the check, along with his own signature, and deposited the money into his personal account.

The evidence at the hearing was conflicting on how the return of the deposit was to be handled. John Hill testified that he tried to contact Mr. McClure several times about the money and McClure said he was bringing it to the Hills. Mr. Hill also stated that he thought Iowa Realty might keep the money in case the Hills made an offer on another house. He did not know until February about the check that Iowa Realty wrote in December to refund the earnest money.

Mr. McClure testified that he informed John Hill of the December refund check. Petitioner further testified that Mr. Hill authorized him to cash it as payment for an appraisal on property which Hill owned near Perry, Iowa. However, John Hill stated he did not know about the appraisal and thought the money would be held for another offer. In addition, petitioner had no written agreement for the appraisal, did not bill for the appraisal, promptly returned the entire $500 to Iowa Realty which he has claimed was owed to him for the appraisal and had the Hills state in a written letter that they were not concerned

about the late return of the money. There is evidence to suggest that Mr. McClure tried to alter this letter by adding language to the effect that the Hills thought the money was being held for another offer to purchase real estate. Finally, petitioner did not ordinarily charge fees for doing appraisal work.

The Commission rejected McClure's story and found that the Hills had no knowledge of the December refund check until February. The Commission revoked McClure's license for violating Iowa Code §§ 117.29(3) (making false statements and engaging in unethical conduct detrimental to the public), .34(7) (failing to remit money belonging to others), .34(8) (being unworthy to act as broker) (1983).

■■■ We have the authority to hear and decide this appeal pursuant to Iowa Code section 17A.20 which provides that "[a]n aggrieved or adversely affected party to the judicial review proceeding may obtain a review of any final judgment of the district court under this chapter by appeal to the supreme court..." Code of Iowa § 17A.20 (1983). Judicial review of administrative agency action is not de novo. The review is concerned with whether the agency decision is supported by substantial evidence, when the record is reviewed as a whole. Iowa Code § 17A.19(8)(f) (1983); *Herring v. Iowa Law Enforcement Academy*, 341 N.W.2d 65, 66 (Iowa Ct.App.1983). Our review is limited to a determination of whether the district court made errors of law when it exercised its power of review of agency decision under Iowa Code section 17A.19. *Woods v. Iowa Department of Job Service*, 315 N.W.2d 838, 840 (Iowa Ct.App.1981), *Jackson County Public Hospital v. PERB*, 280 N.W.2d 426, 429 (Iowa 1979). Iowa Code section 17A.19 limits the district court's review to a determination of whether the agency committed any of the errors of law set out in section 17A.19(8). This is a finite list which provides that relief be offered a petitioner who has had substantial rights prejudiced if the agency action was:

a. In violation of constitutional or statutory authority;

b. In excess of the statutory authority of the agency;

c. In violation of an agency rule;

d. Made upon unlawful procedure;

e. Affected by other error of law;

f. In a contested case, unsupported by substantial evidence in the record made before the agency when the record is viewed as a whole; or

g. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a merely unwarranted exercise of jurisdiction.

Code of Iowa § 17A.19(8)(a)–(g) (1983). Therefore, to determine if the district court properly exercised its power of judicial review "this court applies the standards outlined in section 17A.19(8) to the agency decision, [with consideration of the whole record,] to determine whether this court's conclusions are the same as those of the district court. If the conclusions are the same, affirmance is in order, if they are not, reversal may be required." *Jackson County*, 280 N.W.2d at 429–30. Chapter 17A of the Code provides that the district court shall reverse or modify the agency decision if it is affected by error in the application of an administration rule or the law. Code of Iowa § 17A.19(8)(a), (b), (c), (d), (e) (1983). Reversal or modification may also occur if the agency action is not supported by substantial evidence in the record made before the agency, when the record is viewed as a whole. *Id.* at § 17A.19(8)(f). Or, if the agency acted unreasonably, if their decision was arbitrary or capricious, or a clearly unwarranted exercise of discretion. *Id.* at § 17A.19(8)(g).

The district court reviewed the agency's findings of fact under the substantial evidence standard of section 17A.19(8)(f) and upheld them. This appeal therefore does not involve any review of the correctness of the Commission's findings of fact. The only issue is whether the Commission's revocation of Mr. McClure's license, based on the facts it found, was unreasonable, arbitrary, capricious or an abuse of discretion.

The agency is the finder of fact, it being left to us to ultimately determine, (1) questions of law, (2) whether the agency acted unreasonably, arbitrarily, capriciously, in violation of applicable constitutional standards, or in excess of statutory authority, and (3) whether its findings are supported by substantial evidence in the record. *See Churchill Truck Lines, Inc. v. Transportation Regulation Board*, 274 N.W.2d 295, 299 (Iowa 1979). Our limited factual review is as it should be, since Commission presumably has at its disposal the facilities and expertise with which to appropriately resolve detailed and complicated fact questions. This means we can intercede only when Commission is clearly shown to have acted unconstitutionally, in violation of statutory mandate, or absent substantial support in the record. *See Penn-Central Merger and N & W Inclusion Cases*, 389 U.S. 486, 524, 88 S.Ct. 602, 621, 19 L.Ed.2d 723, 749 (1968). In addition to the unreasonable/capricious/arbitrary standard for review also incorporates the abuse of discretion standard. Iowa Code 17A.19(8)(g) (1983). An abuse of discretion has been described as discretion exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983).

The trial court is not empowered to substitute its own judgment for that of the agency in matters of this kind. Judicial review is limited in this type of matter. *See Quenot v. Iowa Dept. of Job Service*, 339 N.W.2d 624 (Iowa Ct.App.1983). The extent of the authority of the district court in review of agency decisions goes only to the correction of errors occuring with regard to subsections (a) through (g) of Code of Iowa section 17A.19(8).

Our conclusion is not congruent with that of the district court. Mr. McClure had $500 in client funds entrusted to himself. When the Hills were not able to obtain financing for the home on Glenbrook Drive this money was not returned to them. Instead, Petitioner signed both John and Kathleen's name to the back of the refund check and deposited it into his personal account. All of this was done, the agency concluded, without knowledge or authorization on the part of the Hills. Under the standards of Code section 17A.19(8)(g) we do not feel that the decision of the Real Estate Commission to revoke Mr. McClure's broker's license was arbitrary, unreasonable or capricious. The trial court is not allowed to substitute its own judgment for that of the agency, so his decision that revocation was unwarranted "under these facts and circumstances" is clearly untenable. Judgment of the district court is reversed.

REVERSED.