Marlin **HAINEY**, Petitioner–Appellee,

v.

**PROTEIN BLENDERS, INC.** and Transamerica Insurance Services, Respondents–Appellants.

No. 88–722.

Court of Appeals of Iowa.

June 15, 1989.

J. Richard Johnson and Allison M. Heffern of White & Johnson, P.C., Cedar Rapids, for respondents-appellants.

J.D. Villont of Donohue Law Office, P.C., West Union, for petitioner-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Protein Blenders, Inc. appeals the judicial review of the Industrial Commissioner's decision in this worker's compensation case. The appellant argues 1) the plaintiff, Marlin Hainey, did not raise the odd-lot doctrine during the hearing before the agency and, therefore, is precluded from doing so on appeal; 2) there existed substantial evidence to support the agency's decision; and 3) the district court erred in remanding the case for additional evidence.

On April 5, 1982, Marlin Hainey was injured while employed by the appellant. Mr. Hainey filed a petition for review-reopening, and on March 22, 1985, after a hearing was held, the Deputy Industrial Commissioner found Hainey to be entitled to 75 weeks of permanent partial disability. Mr. Hainey appealed this decision to the Industrial Commissioner contending he was totally disabled. The Industrial Commissioner affirmed the decision of the Deputy.

On November 13, 1985, Mr. Hainey appealed that decision to the district court.

We review in the manner specified in Iowa Code section 17A.19(8). Our review is limited to the record made before the agency officer. *Farmers Elevator Co., Kingsley v. Manning*, 286 N.W.2d 174, 176 (Iowa 1979). We uphold those findings of fact made by the agency if they are supported by substantial evidence in the record made before the agency when the record is viewed as a whole. *Id.*

As the trial court noted, judicial review of administrative agency action is not de novo. The trial court is not empowered to substitute its own judgment for that of the agency. *McClure v. Iowa Real Estate Commission*, 356 N.W.2d 594, 597 (Iowa App.1984). If the agency commits any of the errors of law as outlined in section 17A.19(8), then the district court may reverse, modify, or grant any other appropriate relief. The extent of the authority of the district court in the review of agency decisions goes only to the correction of errors occurring with regard to subsections (a) through (g) of section 17A.19(8). *Id.* at 597.

The appellant argues that the agency's decision as to Mr. Hainey's industrial disability is supported by substantial evidence. The appellee argues to the contrary. "Substantial evidence" is that which reasonable

minds would accept as sufficient to support the conclusion drawn. *Dillinger v. City of Sioux City*, 368 N.W.2d 176, 182 (Iowa 1985). We agree with the appellant and accordingly reverse the trial court and affirm the decision of the Industrial Commissioner.

It is argued that the Industrial Commissioner's failure to examine all the factors involved in the determination of industrial disability means the Commissioner misapplied the law. In this respect, it is argued that the Commissioner failed to examine all of the factors within the framework of the odd-lot doctrine.

■ Under that doctrine, a worker becomes an odd-lot employee when an injury makes the worker incapable of obtaining employment in any well-known branch of the labor market. An odd-lot worker is thus totally disabled if the only services the worker can perform are "so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist...." *Guyton v. Irving Jensen Co.*, 373 N.W.2d 101, 105 (Iowa 1985) (quoting with approval, *Lee v. Minneapolis Street Railway Co.*, 230 Minn. 315, 320, 41 N.W.2d 433, 436 (1950)). A person who has no reasonable prospect of steady employment has no material earning capacity. *Guyton*, 373 N.W.2d at 105.

We note with concern, as did the trial court, whether the issue of the application of the odd-lot doctrine is properly before us. For the purposes of this opinion, we will assume without deciding that it is.

As the supreme court in the *Guyton* case stated, "The odd-lot doctrine involves an allocation of the burden of production of evidence." *Id.* The supreme court reaffirmed the proposition of law that the burden of persuasion on the issue of industrial disability always remains with the worker. "The cases, however, have distinguished between burden of persuasion and burden of production in other worker's compensation situations." *Id.*

As it relates to the allocation of the burden of production of evidence, the supreme court in *Guyton* adopted the following from 2A Larsen, The Law of [Work-er's] Compensation, section 57.51 at 10–164.95 to 10–164.113:

> A suggested general-purpose principle on burden of proof in this class of cases would run as follows: If the evidence of degree of obvious physical impairment, coupled with other facts such as claimant's mental capacity, education, training, or age, places claimant prima facie in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant.

*Id.*

However, the supreme court, in adopting Professor Larsen's statement in the *Guyton* case, emphasized that the rule just announced merely allocates the burden of production of evidence. The supreme court further stated: "It is triggered only when the worker makes a prima facie case for inclusion in the odd-lot category:"

> It is normally incumbent upon an injured [worker], at a hearing to determine loss of earning capacity to demonstrate a reasonable effort to secure employment in the area of ... residence. Where testimony discloses that a reasonable effort was made, the burden of going forward with evidence to show the availability of suitable employment is on the employer and carrier.

*Id.* Thus, as the court held in *Guyton*, "when a worker makes a prima facie case of total disability by producing substantial evidence that the worker is not employable in the competitive labor market," the burden to produce evidence of suitable employment shifts to the employer. But here, Mr. Hainey did not make a prima facie showing.

■ The trial court found from the record, and we agree, that Mr. Hainey failed to present convincing testimony that there are no jobs available to him. "Mr. Hainey refused to search for a job." Quoting further from the trial court's opinion:

> His condition did not prevent him from looking for work, yet the plaintiff chose to remain idle. The plaintiff not only

refused to look for work, he also would not consider possible vocational rehabilitation programs.

We concur that the record substantiates that part of the trial court's finding. When we couple the Industrial Commissioner's decision with that of the trial court, it is clear from the record that Mr. Hainey failed to make his prima facie showing under the odd-lot doctrine. There is no need to remand. *Armstrong v. State of Iowa Bldgs.*, 382 N.W.2d 161 (Iowa 1986).

We reverse the trial court and affirm the Industrial Commissioner.

REVERSED.