**Darlene Albertson BYRNES, Appellant,**

v.

**DONALDSON'S, INC., Appellee,**

and

**Travelers Insurance Company, Respondent.**

**No. 89–626.**

Supreme Court of Iowa.

Feb. 21, 1990.

Robert D. Fulton, Waterloo, for appellant.

Mark A. Wilson of De Vries, Price & Wilson, Mason City, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

CARTER, Justice.

Petitioner, Darlene Albertson Byrnes, a worker who received permanent facial scarring from burns arising out of and in the course of her employment with respondent, Donaldson's, Inc., appeals from the district court's order upholding the industrial commissioner's denial of workers' compensation benefits for permanent partial disability. She contends that the industrial commissioner and district court erred in finding that her injuries did not impair future usefulness and earnings in her occupation. Upon our review of the record as a whole, we affirm the judgment of the district court.

In March of 1983, petitioner was employed by respondent, Donaldson's, Inc., at its plant in Cresco, Iowa. The job that she was performing required her to work on a machine which melted paraffin in a vat approximately five feet deep and six feet in diameter. On March 17, 1983, she placed a solid sheet of paraffin into the vat that already contained hot melted wax. At this time, some of the hot wax splashed onto her face, arms, and neck burning her severely. Petitioner's injuries from this accident produced permanent scarring above her lip which is quite noticeable. In addition, the condition of the lip itself is such that it gives the impression that petitioner is sneering.

Petitioner was paid temporary total disability benefits from the date of her injury until January 19, 1984. In August of 1985, she filed an arbitration petition requesting permanent disability benefits. The matter was heard by a deputy industrial commissioner who rendered a decision finding that petitioner had suffered permanent disfigurement to her face and was entitled to permanent partial disability benefits under the scheduled injury listed in Iowa Code section 85.34(2)(t) (1985).

On appeal to the industrial commissioner, the deputy's decision was reversed on the ground that petitioner had failed to demonstrate that her injury impaired future usefulness and earnings in the occupation in which she was engaged at the time of her injury. Petitioner sought judicial review of the industrial commissioner's decision pursuant to Iowa Code section 17A.19 (1985). On March 27, 1989, the district court rendered a written decision upholding the final agency order.

On the present appeal, petitioner contends that the industrial commissioner's decision is not supported by substantial evidence and was induced by the misapplication of controlling principles of law. With respect to her claim of legal error, she asserts that the commissioner only considered her present job in determining whether her ability to work and earn has been diminished. The statutory language which bears on this contention is as follows:

For all cases of permanent partial disability compensation shall be paid as follows:

. . . .

t. For permanent disfigurement of the face or head which shall impair the future usefulness and earnings of the employee in the employee's occupation at the time of receiving the injury, [weekly compensation to be determined by the commissioner according to the severity of the disfigurement].

Iowa Code § 85.34(2)(t) (1985). Although this subsection of the workers' compensation law is included among the scheduled permanent injuries, eligibility for benefits is conditioned upon showing an industrial disability in the particular occupation in which the claimant was injured.

Petitioner argues that the term "occupation" as used in section 85.34(2)(t) should be interpreted as a category of the job or industry in which a claimant is working at the time of injury. She asserts that in her case this category should be "factory worker." She contends that the evidence establishes a likelihood that her future earnings as a factory worker will be impaired because of the psychological impact of her disfigurement, specifically her inability to associate with new acquaintances. Because the future operation of the Donaldson's Cresco plant is uncertain, petitioner claims that she may be forced to seek other employment and that her disfigurement will handicap her in this endeavor.

■ In response to petitioner's contentions, we note our agreement with her interpretation of the words "employee's occupation at the time of receiving the injury." We believe these words do refer to the job or industry in which a claimant is working rather than the specific employer-employee relationship in which the injury occurs. We disagree, however, with petitioner's contention that the industrial commissioner took a different view of the meaning of the statutory language. The statements in the commissioner's decision upon which petitioner relies to show that the commissioner equated "employee's occupation" with the employee's current job are found in a preliminary discussion of the issues. At one point, the commissioner does state:

> In this respect, claimant's evidence on her future plans to enter the real estate field are not relevant. Similarly, the effect of claimant's disfigurement on future attempts to obtain other employment is not within the purview of section 85.34(2)(t).

We believe that these references were in response to a contention made to the agency concerning a potential loss of earnings from other occupations for which petitioner was suited, a point which has been abandoned on this appeal. In the very next paragraph of the ruling, the commissioner states:

> Claimant's occupation at the time of her injury was a factory worker. Claimant was not required to come into contact with the public in connection with this work. Claimant's appearance does not affect her abilities to perform her duties as a factory worker.... There is no evidence showing that claimant's disfigurement will affect her future earnings or usefulness in her occupation.

The commissioner then goes on to make the following formal findings of fact:

1. On March 17, 1983, claimant received an injury to her face arising out of and in the course of her employment.

2. As a result of claimant's injury, she suffered permanent disfigurement to her face.

3. Claimant's injury is limited to disfigurement.

4. Claimant's occupation at the time of her injury was as a factory worker.

5. Claimant's rate of compensation is $231.25.

6. Claimant's occupation does not involve meeting or working with the public.

7. Claimant's disfigurement does not affect her present or future ability to perform the duties of her occupation.

8. Claimant's disfigurement is not severe.

9. Claimant has not lost earnings as a result of her disfigurement and is not likely to lose earnings as a result of her disfigurement in the future.

10. Claimant incurred mileage expenses for medical treatment in the amount of $490.08.

■ We have recognized that the industrial commissioner's findings should be broadly and liberally applied in order to uphold rather than defeat the commissioner's decision. *Ward v. Iowa Dep't of Transp.*, 304 N.W.2d 236, 237 (Iowa 1981). We believe that a fair reading of the commissioner's decision as a whole does not indicate a misconception on his part as to the meaning of the words "employee's occupation at the time of receiving the injury." We believe the commissioner recognized that in petitioner's case benefit entitlement under the statute is conditioned upon a showing of an impairment of future usefulness and earnings in any job as a factory worker in which petitioner is engaged throughout her working life (or might be engaged but for her disfigurement).

Decisions of the commissioner in other cases suggest that this is the settled agency position on this issue. *See, e.g., Dettman v. Quad City Constr. Co. and Liberty Mut. Ins. Co.*, 1 Iowa Indus. Comm'r Decs. 44 (1984) (no impairment to claimant's usefulness and earnings as a construction truck driver attributed to extensive scarring on the upper lip, nose, cheek, and forehead); *Kostohzry v. Lake Center Indus./Deco Prods. Co. & Fireman's*

*Fund Ins.*, 3 Iowa Indus. Comm'r Rep. 161, 162 (1982) (permanent disfigurement to factory worker's face did not impair his future usefulness and earnings in an occupation such as the one in which he was engaged at the time of his injury); *Tevis v. Dowell's Pleasant Hill Manor & United States Fire Ins. Co.*, 33 Biennial Rep. of Iowa Indus. Comm'r 74, 75 (1977) (permanent disfigurement to claimant's face as a result of exploding hot syrup did not impair claimant's future usefulness and earnings as a cook); *see also Wheeler v. Swift Indep. Packing*, 1 Iowa Indus. Comm'r Decs. 255 (1984) (scarring from leg injury not compensable under section 85.34(2)(t)). We find no merit in petitioner's contention that the commissioner's decision in the present case was induced by a misinterpretation of the conditions for benefit eligibility contained in section 85.34(2)(t).

■ We also reject petitioner's contention that the commissioner's decision is not supported by substantial evidence. The burden of persuasion on the extent of industrial disability, if any, is on the worker. *Guyton v. Irving Jensen Co.*, 373 N.W.2d 101, 105 (Iowa 1985); *Doerfer Div. of CCA v. Nicol*, 359 N.W.2d 428, 438 (Iowa 1984). Where the industrial commissioner has found an absence of sufficient evidence to establish a claim, the worker may prevail on a substantial evidence argument only if the claim has been established as a matter of law. *Ward*, 304 N.W.2d at 238; *Wetzel v. Wilson*, 276 N.W.2d 410, 412 (Iowa 1979).

In the present case, petitioner has presented no evidence that she experienced any loss of ability to perform her job or loss of earnings in her occupation as of the time of the hearing before the agency. She contends that it is likely she will lose earnings from her occupation in the future because (a) there is a possibility that her job with her present employer will be terminated and (b) her disfigurement might have a negative impact on her ability to obtain another job at that occupation. Assuming that petitioner's evidence was sufficient to permit the commissioner to find in

her favor on these claims, the evidence does not compel such a finding.

We have considered all arguments presented and find no basis for overturning the decision of the industrial commissioner. The district court was correct in affirming that decision.

AFFIRMED.