**ARROW–ACME CORPORATION and National Union Fire Insurance Co., Appellants,**

v.

**Kenneth BELLAMY, Appellee.**

No. 92–895.

Court of Appeals of Iowa.

March 30, 1993.

Jerry C. Estes of Estes Law Office, Fort Dodge, for appellants.

Phillip C. Vonderhaar of Hedberg, Wards, Owens and Vonderhaar, Des Moines, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

Kenneth Bellamy began working for Arrow–Acme Corporation in March 1973. Bellamy performed a wide variety of jobs at the plant prior to his injuries and currently works as an inspector for the employer.

Bellamy sustained two work-related injuries. On January 9, 1985, Bellamy sustained a neck and back injury when he slipped and fell on ice at his employer's parking lot. He was taken to the hospital and remained off work through March 25, 1985. On June 20, 1985, Bellamy injured his right shoulder when he reached under a hopper to push it. The hopper slipped off the fork lift, hitting a furnace door which struck him. Bellamy was off work through August 4, 1985.

Bellamy filed an original notice and petition with the industrial commissioner seeking healing period benefits and permanent partial disability benefits for the two injuries. An arbitration hearing was held. The deputy industrial commissioner concluded despite conflicting medical evidence, Bellamy proved he sustained a work-related injury to his cervical and thoracic spine on January 9, 1985. The deputy found the neck injury caused him to incur a five percent permanent partial impairment to his body as a whole. The deputy also found Bellamy proved that his shoulder injury resulted in some restrictions and a five percent permanent partial impairment to the body as a whole. In determining industrial disability, the deputy considered, among other things, the fact the employer cooperated with Bellamy after his injury and he remains employed earning a higher wage. The deputy concluded Bellamy proved entitlement to ten percent industrial disability benefits based upon the January 9, 1985, injury and ten percent industrial disability benefits based upon the June 20, 1985, shoulder injury. The deputy also awarded healing period benefits.

The employer appealed. The industrial commissioner affirmed and adopted the deputy's decision as the final agency action in this case.

The employer sought judicial review. The district court affirmed the commissioner's decision. The district court concluded substantial evidence supported the commissioner's decision Bellamy sustained permanent impairment and was entitled to industrial disability benefits as a result of the two work-related injuries.

### Scope of Review

Petitioner's action was properly brought under the provisions of Iowa Code section 17A.19 (1991). Our scope of review in cases arising out of the Iowa Administrative Procedure Act is to correct errors of law made by the district court. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 164–65 (Iowa 1982). The review function of the district court under section 17A.19 is to correct errors of law which are specified in section 17A.19(8). When we review decisions of the district court which were rendered in its capacity as an appellate body under section 17A.19, the issue for our determination is whether the district court correctly applied the law. *Id.* at 165. In order to make that determination, we apply the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979).

### Discussion

The employer contends Bellamy's continuous employment at Arrow–Acme since his injury bars his entitlement to industrial disability benefits.

Industrial disability means loss of earning capacity, not merely functional disability. *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 192 (Iowa 1980); *Olson v. Goodyear Service Stores*, 255 Iowa 1112, 1121, 125 N.W.2d 251, 257 (1963).

Functional impairment is an element of industrial disability, but consideration must be given to other factors such as

age, education, qualifications, experience, and inability, because of the injury, to engage in employment for which one is fitted. *Doerfer v. Nicol*, 359 N.W.2d 428, 438 (Iowa 1984). The inquiry thus goes beyond what the evidence shows the claimant can or cannot do and includes the extent to which the injury reduced the claimant's earning capacity. *Guyton v. Irving Jensen Co.*, 373 N.W.2d 101, 104 (Iowa 1985).

In this case, we find no error in the Industrial Commissioner's application of the law regarding industrial disability. While the employer contends continuous employment operates to bar, as a matter of law, a determination of partial permanent industrial disability, we find no support in the law for this proposition. The operative phrase here is loss of earning capacity, not loss of actual earnings. Thus, it is conceivable that an employee may presently earn a higher wage than his or her pre-injury earnings and still have a reduced earning capacity.

The medical evidence was sufficient to support the Industrial Commissioner's determination that Bellamy suffers loss of earning capacity and thus, an industrial disability.

The decision of the Industrial Commissioner and the district court is affirmed.

**AFFIRMED.**