**SECOND INJURY FUND
OF IOWA, Appellee,**

v.

**Jan KLEBS, Appellant,**

**Johnsrud Transport, Inc., and Great
West Casualty, Respondents.**

No. 94–1248.

Supreme Court of Iowa.

Oct. 25, 1995.

Thomas P. Lenihan, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Joanne Moeller, Assistant Attorney General, for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

SNELL, Justice.

Petitioner, Second Injury Fund of Iowa, appeals from the district court's reversal of the Industrial Commissioner's determination of respondent's workers' compensation rate. We reverse the decision of the district court and affirm the decision of the Commissioner.

## I. Factual and Procedural Background

Appellant, Jan Klebs, incurred a first injury to his knee on April 18, 1986 when he overturned a semi he was driving for his then employer, Ace Van Lines. Following his departure from Ace, as a condition of his workers' compensation settlement with them, he was employed for a short time as a security guard at N.P.I. Security. Shortly thereafter, he re-entered the trucking industry and was hired by A.D.M. In April of 1989 Klebs was hired as a tanker truck driver by Johnsrud Transport, Inc. His job consisted of driving tanker trucks from Des Moines, Iowa to and from various destinations on the west coast. His original agreed-upon pay rate was to be eighteen cents (18¢) per mile. It would eventually be raised to a rate of twenty cents (20¢) per mile with seniority. During his first and second weeks of employment with Johnsrud, Klebs earned $142.90 and $238.16 respectively.

On May 17, 1989, after working for Johnsrud only two weeks, Klebs suffered a second injury, this time to his right shoulder, arising out of and in the course of his employment with Johnsrud. After injury, Klebs was offered light duty work with Johnsrud, but decided to quit. He has been employed as a security guard at the Des Moines Art Center since then.

Klebs filed a petition with the Industrial Commissioner making a claim against the Second Injury Fund on the basis of the injury to his shoulder. Following arbitration, the Deputy Industrial Commissioner awarded Klebs 186.5 weeks of permanent partial disability at a rate of $425.94 per week. The Deputy consulted Iowa Code section 85.36(7) (1993) and arrived at this figure based on Kleb's settlement with Johnsrud, who had calculated the compensation rate based on the earnings of a "similarly situated employee," a Mr. Vine, who earned $712 per week. Although the Second Injury Fund argued they were not bound by the settlement between Johnsrud and Klebs, the Deputy Commissioner noted that in challenging such a term, the burden of proof lies on the Fund to prove their proposed rate was more appropriate. Because they failed to do so, they were bound by the settlement term.

The Fund then appealed to the Iowa Industrial Commissioner, who affirmed the decision of the Deputy. The Fund then filed a petition for judicial review with the Iowa District Court for Polk County. The district court confirmed the Commissioner's determination of Klebs' entitlement to benefits from the Fund, his percentage of industrial disability, and the Fund's proportion of liability. The court also held section 85.36(7) was the correct provision under which to calculate Klebs' compensation rate, but ruled the proper way to do so was to calculate the average of the wages Klebs actually earned the two weeks he was employed by Johnsrud. Based on earnings of $142.90 and $238.16, the rate was calculated to be $130.64.

## II. Standard and Scope of Review

■ This case comes to the court for correction of errors of law, pursuant to the Iowa Administrative Procedure Act, Iowa

Code section 17A.19, .20 (1993). In contested case proceedings, our review, like that of the district court, is limited to correction of errors of law. *First Iowa State Bank v. Iowa Dep't of Natural Resources*, 502 N.W.2d 164, 166 (Iowa 1993). In determining whether the law has been correctly applied, this court gives weight to the agency's interpretation of the relevant provision, but is by no means bound by it. *John Deere v. Weyant*, 442 N.W.2d 101, 103 (Iowa 1989). In examining final agency actions this court is guided by the standards of section 17A.19(8), which provide in contested cases, the court may reverse or modify the agency's action if substantial rights of the petitioner have been prejudiced and the decision is not supported by substantial evidence in the record when viewed as a whole. Iowa Code § 17A.19(8)(g). If this court finds the agency's findings are supported by substantial evidence in the record, we are bound by those findings. *Board of Dental Examiners v. Hufford*, 461 N.W.2d 194, 198 (Iowa 1990). Substantial evidence is that which reasonable minds would consider sufficient to support the conclusions drawn. *Dillinger v. City of Sioux City*, 368 N.W.2d 176, 182 (Iowa 1985); *Hainey v. Protein Blenders, Inc.*, 445 N.W.2d 398, 399–400 (Iowa App.1989).

■ Iowa Code section 17A.19(4) further sets out a strict pleading standard for the preservation of issues in review of agency decisions. The statute provides the petition for review must state the following: The nature of the agency action at issue, the particular action being appealed from, the facts on which venue is based, the grounds on which relief is sought, and the relief sought. *Id.* Regarding the standard of section 17A.19(4), this court has explained

> In a petition for judicial review each claimed error must be separately and distinctly stated. The standard is met when an opponent is sufficiently apprised of the alleged error so as to allow for adequate preparation and response.

*Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 419 N.W.2d 373, 375 (Iowa 1988). *See also Kohorst v. Iowa State Commerce Comm'n*, 348 N.W.2d 619, 621 (Iowa 1984); *Midwest Carbide v. Occupa-*

*tional Safety & Health Review Comm'n*, 353 N.W.2d 399, 401 (Iowa 1984). Although the rules of civil procedure are applicable to judicial review of agency actions, this is not the case where they conflict with relevant provisions of the IAPA. Iowa R. Civ. P. 331. Notice pleading, therefore, is not sufficient in an appellate review proceeding under chapter 17A because the pleading requirements set forth in section 17A.19(4) are much more stringent than those required in an original action under Iowa Rule of Civil Procedure 69. *Kohorst*, 348 N.W.2d at 621.

III. Analysis

■ The argument raised by the Second Injury Fund in seeking to reverse the Commissioner's benefit rate calculation is that it is not supported by substantial evidence in the record. The Deputy gave presumptive weight to the rate agreed upon by Klebs and Johnsrud which was later approved by the Commissioner. The Deputy concluded the *Fund* had the burden of proving this rate was incorrect, rather than the burden being on the claimant and Johnsrud to provide substantial evidence to prove the rate was proper. Therefore, the question whether Klebs and Johnsrud provided substantial evidence the rate was correct is moot.

The true issue presented by this case is whether the Deputy was in fact correct in placing the burden of proving the rate was incorrect on the Fund. Although the standard of review in cases such as these is for correction of errors of law and this would clearly be such a question, the Fund has failed to raise this issue on appeal. The briefs are completely lacking of any mention of the issue. The arbitration decision of the Deputy makes it clear this is a basis of the ruling, as do the transcripts of the hearing before the Deputy. Clearly, the Fund should have been and was in fact aware of the issue. Because of the heightened pleading standard in cases of judicial review of agency decisions, this court may not properly address an argument not raised by the Fund. We express no opinion whether the Deputy's allocation of the burden of proof was in fact proper.

For these reasons, the decision of the district court as it related to calculation of benefit rate is reversed and the decision of the Industrial Commissioner is affirmed.

**DISTRICT COURT REVERSED; INDUSTRIAL COMMISSIONER AFFIRMED.**