MANSFIELD, Justice
(dissenting).
I respectfully dissent and would affirm the district court and the court of appeals.
Iowa Code section 17A.19(4) provides, “The petition for review shall name the agency as respondent.” The word “shall” is normally considered mandatory. See Iowa Code § 4.1(30) (2011). Cooksey’s petition for review did.not name the Employment Appeal Board (EAB) as a respondent. Rather, it named Cooksey’s employer, Cargill Meat Solutions. Ñor did the petition even ask for relief against the EAB. Instead, it requested that “reversal or remand should be entered against the Employer and benefits awarded.” Given the wording of section 17A.19(4) and our precedent, I would find that Cooksey’s petition was properly dismissed.[2]
But there is an even more basic problem. Cooksey failed to preserve error below. He never argued in the district court that he had complied, substantially of otherwise, with section 17A.19(4)’s requirement to name the agency as respondent. Instead, he argued only two very different points: (1) that the agency was not a proper party; and (2) that section 17A.19(4) was unconstitutional. I would therefore find that Cooksey failed to preserve error.
I. Error Preservation.
Cooksey’s petition for judicial review was filed May 3, 2011. Ten days later, the EAB filed a ten-page motion to dismiss his petition as an “interested person.” See Iowa R. Civ. P. 1.431(1). In multiple paragraphs (paragraphs 7, 10, and 11), the EAB’s motion made clear that Cooksey had to substantially comply with the prerequisites for judicial review and that his failure to name, or even misname, the agency as respondent did not substantially comply with the statute. In support of its *106 position, the EAB cited to and quoted from this court’s Department of Transportation decision, which I discuss further below.
On May 23, 2011, Cooksey filed a “preliminary resistance” to the EAB’s motion. I quote the resistance verbatim:
1. That the Petitioner preliminarily denies the Board’s (MOVANTS) paragraphs i, 2, 7, 10, 15, 18, 19, 20, 22, and 23, as the BOARD was' and is not a proper, real party whether below or at present. The real party in interest, and herein is Cargill Meat Solutions, below and at the District Court level;
2. That Code Section 17A-19.4 (2011) is unconstitutional on its face and as Applied to this Petition for Judicial Review;
3. That Code Section 17A (19.4), as Applied to Cooksey and similar persons, as contrasted, compared to Worker’s Compensation Law, and Judicial Reviews (86.29) is inconsistent, unreasonable, irrational, arbitrary, not uniform, ALL in violation of Iowa Constitution, Article I, Section 9, Article I, § 1, Article I, § 6.
On July 27, 2011, Cooksey filed an amendment to his prior resistance. Like the preliminary resistance, this document asserted that the EAB was “not a proper party to this appeal in the Polk County District Court,” that EAB had no standing to file its motion to dismiss, and (at great length) that section 17A.19(4) was unconstitutional.
At the same time, Cooksey also lodged a proposed ruling which stated (twice) that “the Employment Appeal Board is not a real party in interest herein.”
In short, in both his original and his amended resistances, Cooksey made two separate arguments — first, that the EAB was not the proper party to his appeal and, second, even if it was, then the statute so requiring was unconstitutional. Cooksey never made the third argument now divined by my colleagues — i.e., that he had substantially complied with the statutory requirement to name the EAB as respondent.[3]
My colleagues contend, “Cooksey was plainly asserting that his failure to specifically name the EAB in the caption was not fatal given the nature of the EAB’s interest in the appeal of its administrative action and the fact that the employer was named in the caption.” This sentence needs to be read with the care with which it was written. Obscured by this verbiage is the substantial difference between arguing that failure to name the EAB in the caption was “not fatal” because the proper respondent was the employer (what Cook-sey actually maintained below) and arguing that failure to name the agency in the caption was “not fatal” because the agency was effectively named elsewhere (which Cooksey never claimed).
Thus, substantial compliance or any kind of compliance with the statutory requirement to name the agency as respondent was not in play below. The EAB stated that Cooksey had not substantially complied with the statute, and while Cooksey sought to avoid dismissal on other grounds, he never contested this point.
On September 1, 2011, the district court ruled as follows:
NOW on the 28th day of July 2011 this matter came before the Court upon the motion to dismiss filed by the Iowa Employment Appeal Board and joined by Cargill Meat Solutions. The parties *107 were present by their respective counsel. The Court, having reviewed the motion, the resistance thereto, the entire court file and the arguments of counsel and, therefore, being duly advised in the premises finds that for the reasons as stated in the motion to dismiss the motion should be, and is granted.
My colleagues think this ruling demonstrates that error was preserved. I disagree. If the majority is right, then anything a district court says (or incorporates) in a ruling would become fair game for appeal, whether the appellant had disputed the point or not. The basic principle here is fairness to the district court. In an adversary system, a trial judge should not be reversed for accepting a proposition that both parties accepted, especially when all the trial judge said was that he was granting the motion “for the reasons as stated in the motion.” See DeVoss v. State, 648 N.W.2d 56, 60 (Iowa 2002) (“[I]t is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.” (Citation and internal quotation marks omitted.)).
The majority says, “Any suggestion that the district court would be surprised under these circumstances amounts to an attack on the diligence of the district court that we refuse to entertain.” The district court can decide for itself whether I am attacking its diligence; I think clearly not. Rather, I am simply relying on the well-established law that protects trial courts from having to decide matters sua sponte when one party takes a position and the other side does not dispute it.
I recognize that Otterberg v. Farm Bureau Mutual Insurance Company allowed a litigant who had not timely resisted a summary judgment motion nonetheless to argue on appeal that the motion should have been denied. 696 N.W.2d 24, 27-28 (Iowa 2005). There, we permitted the appellant to rebut on appeal an assertion in the summary judgment motion that became incorporated in the district court’s ruling on the uncontested motion. But that decision was specifically tied to the requirements for summary judgment motions, where the movant has the burden “to show the district court that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law.” Id. at 27 (citation and internal quotation marks omitted). No language in Otterberg suggests it would apply to administrative appeals, where it is the petitioner’s burden to demonstrate compliance with the statute. See Banos v. Shepard, 419 N.W.2d 364, 367 (Iowa 1988) (noting that the petitioner “must show compliance with the requirements of section 17A.19 (1), requiring exhaustion of administrative remedies, and section 17A.19(4), specifying the concise requirements of a petition for judicial review”).
This is not a case where the appellant pressed an argument below and we decided to accept that argument, in part, on appeal. See State v. Iowa Dist. Ct., 828 N.W.2d 607, 613-15 (Iowa 2013). But see id. at 618-19 (Appel, J., dissenting) (asserting that error was not preserved). Nor is this a ease where the appellant clearly made the argument below and the only issue was whether the court had ruled on it. See Lamasters v. State, 821 N.W.2d 856, 862-65 (Iowa 2012). But see id. at 872-73 (Wiggins, J., joined by Appel, J., specially concurring) (asserting that error was not preserved).[4]
*108 Cooksey never claimed below he had complied with a requirement to name the agency. In short, the EAB is right on target that this is a “newfound argument” on appeal.
II. Merits.
We previously interpreted the relevant language of section 17A.19(4) in Iowa Department of Transportation v. Iowa District Court, 534. N.W.2d 457 (Iowa 1995). There we wrote:
We conclude that Schumacher’s application did not meet the statutory prerequisites for judicial review. The primary deficiency in the application is that it did not name the DOT as the respondent as required by Iowa Code section 17A.19(4) (1993) (“The petition for review shall name the agency as respondent....”). Although we have found substantial compliance with this requirement where the agency was simply misnamed, Frost v. S.S. Kresge Co., 299 N.W.2d 646, 648 (Iowa 1980), and where a related department and the executive officer of the agency were named rather than the agency, Buchholtz v. Iowa Department of Public Instruction, 315 N.W.2d 789, 792-93 (Iowa 1982), we cannot find substantial compliance here. Only the parties to the criminal case were named in the caption of Schumacher’s application. No employee of the DOT or a related entity was named as a respondent so as to alert the DOT that the application sought relief from agency action. To find substantial compliance here would effectively nullify the requirement that the agency be named as a respondent. Therefore, we hold that Schumacher did not substantially comply with section 17A.19(4).
Id. at 459.
I believe this decision controls here. Based on our precedent in Department of Transportation, a petition that does not name the agency or an alias of the agency as respondent fails to comply with the judicial review statute.
My colleagues omit the foregoing language from their discussion of Department of Transportation. Instead, in a brief paragraph, they attribute the outcome in Department of Transportation to the specific facts (“unique circumstances”) of the case. But if only facts and not legal holdings mattered, we would not put legal analysis in our decisions. A fair reading of the foregoing language from Department of Transportation is that a petition which fails to name the agency or a stand-in for the agency as respondent does not satisfy section 17A.19(4). My colleagues rely on the earlier case of Green v. Iowa Department of Job Service, 299 N.W.2d 651 (Iowa 1980). But that case involved a different statute that required the employer to be “named in the petition.” Id. at 654. This ease, like Department of Transportation, *109 involves a'Statute which requires the agency to be “name[d] ... as respondent.” See Iowa Code § 17A.19(4).
In lieu of following our precedent, the majority emphasizes that the EAJB received “timely notice” of the appeal, a point I do not dispute. However, we have previously indicated, I believe correctly, that “[njotice pleading ... is not sufficient in an appellate review proceeding under chapter 17A.” Second Injury Fund of Iowa v. Klebs, 539 N.W.2d 178, 180 (Iowa 1995). “[Compliance with statutory, conditions and procedures [is] required to invoke the district court’s jurisdiction to hear an administrative appeal.” Anderson v. W. Hodgeman & Sons, Inc., 524 N.W.2d 418, 420 n. 1 (Iowa 1994).
My colleagues also cite a variety of cases from other jurisdictions. In my view, their out-of-state cases are of marginal relevance because either the facts or the statutory schemes were different. In Associated Grocers’ Co. of St. Louis v. Crowe, the members of the respondent commission were specifically named in the caption and identified as members of the commission, although the commission itself was not named. 389 S.W.2d 395, 400 (Mo.Ct.App. 1965). This was a misnomer case and under our precedents- would amount to substantial compliance. In fact, on the facts presented here, the Missouri courts would agree with me, not my colleagues. See State ex rel. Mo. Highway & Transp. Comm’n v. Labor & Indus. Relations Comm’n, 706 S.W.2d 609, 610 (Mo.Ct.App.1986) (holding that merely alleging the Division of Employment Security made a decision unsupported by competent and substantial evidence in the body of the petition, but omitting any reference to the division in the caption or the prayer was not substantial compliance with the legal requirement that the division be made a party).
Nigbor v. Department of Industry, Labor & Human Relations involved a misnaming of the agency, rather than a failure to name an agency. See 120 Wis.2d 375, 355 N.W.2d 532, 535-36 (1984). Further: “Even though DILHR rather than the Commission was named in the caption, the body of Mrs. Nigbor’s complaint clearly showed that her grievance was against the Commission.” Id. at 536. Here, by contrast, Cooksey asked for relief from the employer, not the EAB.
Hopper v. Industrial Commission was a workers’ compensation case where the court applied general principles applicable to appeals in Arizona, not as here a specific administrative review statute. 27 Ariz. App. 732, 558 P.2d 927, 931-32 (1976). In D.C. Department of Administrative Services v. International Broth. of Police Officers, the court had before it a misnaming of the agency, rather than a failure to name an agency, and was interpreting superior court rules designed “to facilitate a proper decision on the merits,” as opposed to a jurisdictional statute. 680 A.2d 434, 437-38 (D.C.1996) (citation and internal quotation marks omitted).
In Klopfenstein v. Oklahoma Department of Human Services, the agency was not named in the caption but “clearly was named as a party in the body of the petition,” having been listed as a party under the subtitle, “Parties, Jurisdiction and Venue.” 177 P.3d 594, 597-98 (Okla.Civ.App.2008). Under our precedents, this would qualify as substantial, compliance with any requirement, that the agency be named as a party.
In Skagit Surveyors & Engineers, LLC v. Friends of Skagit County, the statute in question simply required the petition for review to identify the persons who were parties below, not to name them as parties. See 135 Wash.2d 542, 958 P.2d 962, 969 (1998); see also Wash. Rev.Code *110 34.05.546(5) (West, Westlaw current with 2013 legislation effective April 17, 2013) (stating that a “petition for review must set forth ... [identification of persons who were parties in any adjudicative proceedings that led to the agency action”). The court held it was sufficient that the petitioners had attached and incorporated the administrative order to its petition that identified all the parties below. Skagit Surveyors & Eng’rs, 958 P.2d at 969.
On the other hand, Alabama has the same statutory language as Iowa (i.e., “The petition for review shall name the agency as respondent....”). Compare Ala.Code § 41-22-20(h) (Westlaw current through 2013 Reg. Sess.), with Iowa Code § 17A.19(4). The Alabama Supreme Court has held that even a misnomer (as opposed to a nonnomer) of the relevant agency “acts [as] a waiver of [the petitioner’s] right to a review.” Ex Parte Sutley, 86 So.3d 997, 1000 (Ala.2011).
Certain federal caselaw is more helpful to Cooksey. Federal Rule of Appellate Procedure 15(a) requires that a petition for review of an agency order “name the agency as a respondent.” See Fed. R.App. P. 15(a)(2)(B). Some federal appellate courts have found sufficient compliance with that Rule even when the agency was not actually named as a respondent. See Lincoln Elec. Co. v. Int’l Trade Comm’n, 410 Fed.Appx. 332, 333 (Fed.Cir.2011) (“[W]hen the document does identify the agency and the ITC received notice of the appeal because Lincoln served a copy on the ITC, the failure to include the agency again in the caption of the appeal appears harmless and is not a jurisdictional deficiency.”); Rhine v. Stevedoring Servs. of America, 596 F.3d 1161, 1163 (9th Cir.2010) (“The OWCP does not appear in the petition, but it was served and appeared as a respondent on the day the petition was filed.... Because petitioner provided notice to the OWCP and the OWCP subsequently appeared as a respondent, the court in effect found that Rhine had complied with Rule 15(a)(2)(B).”).
Considering the matter as a whole, I agree with the EAB that if we find substantial compliance here, we have effectively read “shall” out of the statute. We have also thereby collapsed two separate requirements — that the agency be named and that it be served, see Iowa Code §§ 17A.19(4),.19(2) — into one — that the agency be served. The naming requirement serves a distinctive and valuable purpose because it specifically alerts the agency that the papers it has received are papers to which it must affirmatively respond. Under the circumstances presented here and the majority’s holding, it appears the EAB would have been better off had it ignored Cooksey’s defective petition for review. It should not be penalized for having taken a proactive approach.
I recognize there are reasonable arguments on both sides of the merits of this dispute. I generally favor the view that cases should not be decided on technicalities. But lawyers (and Cooksey had one) know what it means to “name” an agency as a “respondent.” By no stretch did Co-oksey’s attorney do so here. And if the matter still remained in doubt, I would adhere to stare decisis and our eighteen-year-old precedent in Department of Transportation.
For the foregoing reasons, I respectfully dissent.
WATERMAN and ZAGER, JJ„ join this dissent.

. My colleagues generally characterize this case as one where the EAB was not named "in the caption.” But it is more than that. The body of the petition does not indicate that the EAB is a party either. Relief is requested only against the employer.

. As the EAB puts it, "Cooksey's argument made to the District Court was that the statute did not require the Board to be a party and, if the statute did[,] then it was unconstitutional.”

. The majority also cites State v. Paredes, 775 N.W.2d 554 (Iowa 2009), State v. Brooks, 760 N.W.2d 197 (Iowa 2009), and State v. Chrisman, 514 N.W.2d 57 (Iowa 1994). All are *108 readily distinguishable. In Paredes, a case involving a declaration against interest, we •held the defendant had preserved error below hy arguing the admissibility of the statement, without specifically stating that it was a declaration against interest, when it was “obvious” he was relying on that ground. 775 N.W.2d at 561. Here, it is far from “obvious” that Cooksey was arguing he had substantially complied with a requirement to name the agency as respondent. In Brooks, we allowed the appellee (not the appellant) to raise a ground for affirmance that had been "squarely ruled on” by the district court although not raised below by either side. 760 N.W.2d at 202. However, we distinguished Brooks from a case where one party had taken a position and the other “acquiesced” in it — the situation we have here. See id. at 202-03. In Chrisman, the state only disputed error preservation on appeal to the extent the defendant had failed to ask for a "specific ruling” on the lawfulness of the seizure. 514 N.W.2d at 60. We found that a specific ruling had been made by the trial court so this objection was groundless. Id.