**FIRST IOWA STATE BANK, Appellee,**

v.

**IOWA DEPARTMENT OF NATURAL RESOURCES, Appellant.**

No. 92–524.

Supreme Court of Iowa.

June 16, 1993.

Reconsideration Denied July 30, 1993.

Bonnie J. Campbell, Atty. Gen., and David R. Sheridan and David L. Dorff, Asst. Attys. Gen., for appellant.

John A. Pabst and Kevin S. Maughan of Clements, Pabst, Hansen & Maughan, Albia, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The Iowa Department of Natural Resources (DNR) appeals from a district court ruling on judicial review. The court reversed the decision of the environmental protection commission of the DNR that held First Iowa State Bank (bank) was liable under Iowa Code section 455B.307(1) (1987) for cleaning up illegally dumped solid waste. In this appeal we must determine if a property owner, who acquired land from an owner who had allowed open dumping on the land, can be held in violation of Iowa's statute prohibiting dumping of solid waste. On judicial review of agency action, the district court held the agency decision imposing an administrative penalty and ordering cleanup had exceeded its statutory authority and reversed the administrative decision. We affirm.

I. *Background.*

The parties stipulated to the facts at the administrative hearing. Richard and Sonja Davis (Davis) acquired farm land in 1976. In 1979, the bank loaned Davis $30,000 and received a real estate mortgage on the land as security for the loan.

Davis farmed the land and used a portion as a mobile home park. After receiving complaints and inspecting the Davis property, the Iowa Department of Water, Air and Waste Management (IDWAWM), in May 1984, issued an administrative order finding Davis to be in violation of Iowa Code section 455B.307 (1983) and rules prohibiting open dumping of solid waste. The agency order prohibited further dumping and ordered that Davis clean up the solid waste. Davis did not appeal the order or comply with it.

Davis filed for chapter 7 bankruptcy in July 1985. In October 1985, a bankruptcy settlement was reached and Davis deeded the land to the bank in lieu of foreclosure. In October 1986, the DNR (formerly IDWAWM) notified the bank that an open dump was located on the bank's land and the bank was required to submit a cleanup plan.[1] A subsequent letter requested that the material be properly covered and that open dumping be stopped. The bank placed locked gates on the land and posted signs prohibiting dumping but did not cover the material. The bank continued as owner until April 1987, when it sold the land back to Davis on contract. Davis had a statutory right of first refusal and redemption of the land. *See* Iowa Code § 524.910(2) (1987).

In December 1987, the DNR issued an administrative order to both Davis and the bank. This order required the cleanup of the site and assessed each a $1000 penalty. Davis did not appeal from this order, but the bank did. The administrative proceeding against the bank was continued while the DNR obtained a default judgment against Davis. A default judgment was entered against Davis which provided for the payment of the $1000 penalty previously assessed, an additional penalty of $6000, and required Davis to clean up the site. Davis did not appeal the judgment or comply with the order.

1. An open dump means any exposed accumulation of solid waste at a site other than a sanitary disposal project. 567 Iowa Admin.Code 100.2.

In 1990 the proceeding against the bank was resumed. On January 2, 1991, the administrative law judge (ALJ) affirmed the bank's liability for cleanup, but reduced the penalty. The ALJ held the bank violated Iowa Code section 455B.307(1) by allowing solid waste to remain on the land for the time it owned the land—October 30, 1985 to April 25, 1987. On appeal to the environmental protection commission, the decision of the ALJ was adopted as the final decision of the agency.

The bank then filed a petition for judicial review. The district court determined the bank could not be held liable for cleanup costs pursuant to section 455B.307(1) and reversed the decision of the agency. The DNR filed a timely notice of appeal. The bank filed a cross-appeal.

## II. *Review of Agency Action.*

■ This case arises from an administrative order issued by the DNR to the bank in December 1987. Issuance of administrative orders is authorized by Iowa Code section 455B.307(2). The scope of the agency's authority is prescribed by statute. A statute is presumed to be prospective in its operation unless expressly made retroactive. Iowa Code § 4.5. Thus, substantive amendments to this statute made after 1987 would be given prospective effect unless expressly made retroactive. *City of Waverly v. Iowa Dep't of Job Serv.*, 383 N.W.2d 513, 514 (Iowa 1986). Changes in the law which relate solely to procedure or remedies are usually applied both prospectively and retrospectively. *Id.* at 515. Although section 455B.307 has been amended since 1987, we apply the substantive provisions of the 1987 statute.

■ The parties disagree as to how section 455B.307 should be construed. The bank contends it is a penal statute imposing a penalty for each day of violation. Penal statutes are strictly construed. *State v. Glenn*, 234 N.W.2d 396, 400 (Iowa 1975). The DNR argues section 455B.307 is a remedial statute and should be construed liberally. A law which regulates conduct for the public good or welfare is

ordinarily remedial and liberally interpreted. *State ex rel. Turner v. Koscot Interplanetary, Inc.*, 191 N.W.2d 624, 629 (Iowa 1971).

We agree the statute is remedial. When first adopted, the violation of the dumping provision was subject to criminal penalty. Iowa Code § 406.9 (1971). Since 1975, violation of the statute is subject to civil penalty only. 1975 Acts ch. 59, § 6. The civil penalty provision is essentially regulatory and intended to secure compliance with the statute. We have refused to give a narrow or restricted reading to environmental statutes. *State v. Presto–X Co.*, 417 N.W.2d 199, 201 (Iowa 1987); *Polk County Drainage Dist. Four v. Iowa Natural Resources Council*, 377 N.W.2d 236, 241 (Iowa 1985); *State ex rel. Iowa Dep't of Water, Air & Waste Management v. Grell*, 368 N.W.2d 139, 141 (Iowa 1985).

■ The Iowa Administrative Procedure Act governs judicial review of final agency actions. Iowa Code § 17A.19 (1991). In this contested case proceeding, our appellate review, like that of the district court, is limited to the correction of errors at law. *Sharp v. Employment Appeal Bd.*, 479 N.W.2d 280, 282 (Iowa 1991). In determining whether the law has been correctly applied, we give weight to the agency's construction of the statute although we are not bound by it. *John Deere Dubuque Works v. Weyant*, 442 N.W.2d 101, 103 (Iowa 1989).

## III. *Discussion.*

■ Iowa Code section 455B.307 contains three subsections. The first prohibits the illegal disposal of solid waste, providing in pertinent part:

1. It shall be unlawful for any private agency or public agency to dump or deposit or permit the dumping or depositing of any solid waste at any place other than a sanitary disposal project approved by the director.

Iowa Code § 455B.307(1) (1987).[2] The second allows the DNR to issue administrative orders and obtain legal relief, by providing:

2. The term "private agency" is defined by statute to mean an individual and any form of business

2. The director may issue any order necessary to secure compliance with or prevent a violation of the provisions of this part 1 of division IV or the rules promulgated pursuant thereto. The attorney general shall, on request of the department, institute any legal proceedings necessary in obtaining compliance with an order of the commission or the director or prosecuting any person for a violation of the provisions of said part or rules issued pursuant thereto.

Iowa Code § 455B.307(2). The third allows for the imposition of civil penalties for solid waste violations, by providing:

3. Any person who violates any provision of part 1 of this division or any rule or any order promulgated or the conditions of any permit or order issued pursuant to part 1 of this division shall be subject to a civil penalty not to exceed five hundred dollars for each day of such violation.

Iowa Code § 455B.307(3).[3] Solid waste by definition is not hazardous waste. Iowa Code § 455B.301(5).

■ The DNR argues the bank violated section 455B.307(1) by failing to remove the solid waste from the land while it owned the land. We find this subsection to be clear on its face. It prohibits the dumping or depositing, or permitting the dumping or depositing of solid waste at an unapproved site. It does not contain a cleanup requirement. When a statute is clear on its face, we need not refer to rules of statutory construction to give the statute effect. *Department of Human Servs. v. Brooks*, 412 N.W.2d 613, 616 (Iowa 1987). The bank did not violate subsection 307(1).

■ The DNR suggests subsection 307(2) authorizes the director to issue any order necessary to secure compliance with or prevent the violation of part 1 of division IV. Under Iowa's chapter 455B, division IV consists of eight parts. They are part 1—Solid Waste, part 2—Radioactive Waste, part 3—Debris, part 4—Hazardous Condi-

tions, part 5—Hazardous Waste and Substance Management, part 6—Hazardous Waste Sites and Facilities, part 7—Disposal of Hazardous Waste on Land, and part 8—Underground Storage Tanks.

■ The DNR urges a reasonable interpretation of subsection 307(2) permits it to require cleanup of solid waste at an open dump and that this requirement applies to owners of the land. The DNR relies on an opinion of the attorney general issued on April 20, 1990, in support of its statutory construction. In its opinion, the attorney general concluded that:

permitting illegally dumped or deposited solid waste to remain at an unapproved site such as an open dump constitutes a continuing violation of Iowa Code § 455B.307(1) (1989) and cleanup of said solid waste may be required pursuant to Iowa Code § 455B.307(2) (1989).

1990 Op. Iowa Att'y Gen. 70, 72. Although we give respectful consideration to an opinion of the attorney general, we are not bound by it. *Albia Pub. Co. v. Klobnak*, 434 N.W.2d 636, 639 (Iowa 1989). Even if subsection 307(2) is given liberal construction, we find no authority is provided the agency for issuance of a cleanup order.

In other parts of division IV the legislature expressly provided for cleanup. Section 455B.387 provides "[w]hen any hazardous condition exists, the director may remove or provide for the removal and disposal of the hazardous substance...." Section 455B.392(1) provides "[a] person having control over a hazardous substance is strictly liable to the state for ... reasonable cleanup costs...." Section 455B.423 establishes a hazardous waste remedial fund which allows the director to use the fund for "(a) [a]dministrative services for the ... cleanup of abandoned or uncontrolled sites ... (d) [f]inancing the nonfederal share of the cost of cleanup and site rehabilitation activities ... (e) [f]inancing the cost of cleanup and site rehabilitation...." Although the legislature

---

organization authorized under the laws of this or any other State. Iowa Code §§ 28E.2, 455B.301(2).

**3.** This section was amended to provide a civil penalty not to exceed $5000 for each day of violation. 1989 Acts ch. 281, § 1.

adopted express cleanup requirements and authority to issue cleanup rules for hazardous waste and hazardous conditions, the legislature did not provide for cleanup of solid waste.

Specific statutory authority for adopting administrative rules relating to solid waste is provided in section 455B.304. However, no reference is made to adoption of rules relating to cleanup of open dumps. Even the rules adopted by the DNR relating to solid waste do not provide for cleanup. In contrast, the agency has adopted specific rules as to cleanup of hazardous waste. *See* 567 Iowa Admin.Code 133.1–5.

■ Liability for cleanup of a hazardous condition is imposed upon a person having control over the hazardous substance. Iowa Code § 455B.392. If we were to construe section 455B.307 to impose liability for cleanup of solid waste upon a prior landowner who has no control, then broader liability would be imposed for cleanup of solid waste than for hazardous waste. This would be irrational. We seek a reasonable interpretation that will best effect the purpose of the statute and avoid an absurd result. *John Deere Dubuque Works*, 442 N.W.2d at 104.

■ We recognize administrative rules have the force of law and are presumed valid. *Fernandez v. Iowa Dep't of Human Servs.*, 375 N.W.2d 701, 707 (Iowa 1985). However, the rules must be reasonable and consistent with legislative enactments. *Id.* A liberal construction of the administrative rules might permit issuance of an order to a landowner to clean up an open dump. However, this construction would be inconsistent with the statute.

We agree with the district court conclusion that "the action of the DNR is in excess of the statutory authority granted to it." We need not address the constitutional issue raised in the bank's cross-appeal.

**AFFIRMED.**