**CITIZENS' AIDE/OMBUDSMAN,**
Appellee,

v.

**Harriett MILLER, as Board Administrator for the Iowa Board of Mortuary Science Examiners, Appellant.**

No. 94–1954.

Supreme Court of Iowa.

Feb. 14, 1996.

Thomas J. Miller, Attorney General, Julie F. Pottorff, Deputy Attorney General, and Linny Emrich, Assistant Attorney General, for appellant.

Ruth H. Cooperrider, Legal Counsel, Office of Citizens' Aide/Ombudsman, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

■ This case presents a classic conflict between two statutory schemes. For reasons it deemed good and sufficient, the legislature created a confidentiality requirement covering certain reports in the files of an administrative agency. In separate legislation the legislature later vested subpoena power in Iowa's citizens' aide/ombudsman (hereinafter citizens' aide). The clash here occurred when citizens' aide attempted to subpoena some of these confidential records, the question being which of the statutory schemes must yield to the other. We think, based on principles of statutory construction, the legislature intended for the investigatory power of citizens' aide to prevail over the confidential interest of the agency. We therefore affirm a trial court ruling so holding.

The matter arose during a routine citizens' aide investigation. Citizens' aide sent a letter to defendant administrator for the board of mortuary science examiners requesting information regarding the board's failure to pursue a complaint filed by Pocahontas County. The complaint regarded a claim of professional misconduct by Gary Smith, a licensed funeral director. The county thought misconduct may have occurred concerning Smith's refusal to perform burial services for indigent residents below cost.

The assistant attorney general representing the board replied that the board had voted to close the matter due to lack of probable cause and that the county's counsel would be formally informed of this disposition by letter. The assistant attorney general then stated that other details regarding the investigation were confidential under the laws governing licensing boards. The board did send the letter to the county's counsel explaining its decision not to pursue the complaint. The board indicated as a matter of policy funeral directors were not required to perform services below actual cost.[1]

Not satisfied, citizens' aide sent another letter to the board requesting reconsideration of the decision. Citizens' aide stated its access to confidential information extended to investigative files of professional licensing boards, emphasizing that it was required[2] to

---

1. The county sought judicial review of the board's decision, and ultimately, we dismissed the matter on appeal, reasoning that Smith's subsequent death rendered the controversy moot. *See* Iowa S.Ct. Order No. 93–861, *Pocahontas County v. Iowa Bd. of Mortuary Science Examiners*, filed January 24, 1994.

2. The board challenges this assertion, citing Iowa Code § 2C.8 (1993):

The citizens' aide may maintain secrecy in respect to all matters including the identities of the complainants or witnesses coming before the citizens' aide, except that the general assembly, any standing committee of the general assembly, or the governor may require disclosure of any matter and shall have complete access to the records and files of the citizens' aide. . . .

Citizens' aide takes the position, however, that this right to access is limited by the confidentiality provision of Iowa Code § 2C.9(3): "Confidential documents provided to the citizens' aide by other agencies shall continue to maintain their

maintain the confidentiality of this information. After receiving no response from the board, citizens' aide issued a subpoena, commanding the administrator of the board to appear with all relevant documents and give testimony regarding any investigation into the Pocahontas County complaint.

After a number of procedural attempts proved unsuccessful, the board filed a petition for judicial review to enjoin enforcement of the subpoena. The matter then rested in procedural limbo for a year but was finally brought to a head when citizens' aide filed its own petition, seeking to compel enforcement of the subpoena. It asserted it was entitled to production of confidential investigatory files pursuant to authority granted in Iowa Code sections 2C.9(3) and 2C.9(4) (1993). The board responded, claiming that Iowa Code section 272C.6(4) provides a statutory exemption to citizens' aide's subpoena powers.

 As mentioned, the trial court ruled in favor of the subpoena power. The matter is before us on the board's appeal from that ruling. Our review is for correction of errors at law. Iowa R.App.P. 4. Because an agency's subpoena power is essentially a tool for discovery, we reverse the trial court only upon a showing of abuse of discretion. *Citizens' Aide/Ombudsman v. Grossheim*, 498 N.W.2d 405, 407 (Iowa 1993). An abuse of discretion may be shown when there is no record to support the court's factual conclusion or when the decision is based on clearly untenable reasons. *Id.*

██ I. The office of citizens' aide is an administrative agency for purposes of the Iowa administrative procedure Act (IAPA). *Citizens' Aide/Ombudsman v. Rolfes*, 454 N.W.2d 815, 816 (Iowa 1990). Such administrative agencies are vested with broad authority to issue subpoenas within their assigned fields of expertise. *Iowa City Human Rights Comm'n v. Roadway Express, Inc.*, 397 N.W.2d 508, 510 (Iowa 1986). An administrative subpoena will

however not be judicially enforced unless it is "(1) within the statutory authority of the agency, (2) reasonably specific, (3) not unduly burdensome, and (4) reasonably relevant to the matters under investigation." *Id.* (citations omitted).

At issue here is the first of these requirements. Citizens' aide contends it is entitled to examine the board's investigative files pursuant to Iowa Code section 2C.9(3). The board counters that release of such information is barred under Iowa Code section 272C.6(4). In essence, this action involves a clash between the power to investigate and the right of confidentiality.

The board of mortuary science examiners was created in 1907. 1907 Iowa Acts ch. 140 § 2. Its function is to oversee licensure matters in the mortuary science field. Iowa Code §§ 147.12, .13(14); *see also* Iowa Code § 272C.3–.4. The board has the power under Iowa Code chapter 272C to investigate complaints concerning its licensees and to impose appropriate discipline. *See* Iowa Code § 272C.3. To conduct this function the board is given broad authority to conduct hearings and issue subpoenas to "compel the attendance of witnesses and the production of professional records, books, papers, correspondence and other records, whether or not privileged or confidential under law, which are deemed necessary as evidence in connection with a disciplinary proceeding." Iowa Code § 272C.6(3). The release of information obtained by a licensing board during the course of an investigation is limited:

> In order to assure a free flow of information for accomplishing the purposes of this section, and notwithstanding section 622.10, all complaint files, investigation files, other investigation reports, and other investigative information in the possession of a licensing board or peer review committee acting under the authority of a licensing board or its employees or agents which relates to licensee discipline are privileged and confidential, and are not

---

confidential status. The citizens' aide is subject to the same policies and penalties regarding the confidentiality of the document as an employee of the agency." Citizens' aide further notes that 141 Iowa administrative code ch. 3.10(2)(c) ex-

pressly states "confidential information provided by other agencies shall not be disclosed" to the general assembly, any standing committee of the general assembly, or the governor.

subject to discovery, subpoena, or other means of legal compulsion for their release to a person other than the licensee and the boards, their employees and agents involved in licensee discipline, and are not admissible in evidence in a judicial or administrative proceeding other than the proceeding involving licensee discipline.

Iowa Code § 272C.6(4). Under certain circumstances investigative information regarding licensee discipline may be released to other appropriate licensing authorities, or to proper law enforcement agencies if the information indicates a crime has been committed. *Id.*

The office of citizens' aide was established in 1972. 1972 Iowa Acts ch. 1123 § 2. Its purpose is to investigate complaints received "from any source concerning an administrative action" of a state agency. Iowa Code § 2C.12; *see also* Iowa Code § 2C.9(1). In order to conduct these investigations, citizens' aide has authority to "[r]equest and receive from each agency assistance and information as necessary in the performance of [its duties]." Iowa Code § 2C.9(3). Section 2C.9(3) also clarifies the scope of citizens' aide's investigatory powers, especially in regard to confidential information:

> Notwithstanding section 22.7, pursuant to an investigation the citizens' aide may examine any and all records and documents of any agency unless its custodian demonstrates that the examination would violate federal law or result in the denial of federal funds to the agency. Confidential documents provided to the citizens' aide by other agencies shall continue to maintain their confidential status. The citizens' aide is subject to the same policies and penalties regarding the confidentiality of the document as an employee of the agency. The citizens' aide may enter and inspect premises within any agency's control and may observe proceedings and attend hearings, with the consent of the interested party, including those held under a provision of confidentiality, conducted by any agency unless the agency demonstrates that the attendance or observation would violate federal law or result in the denial of federal funds to that agency. This subsec-

tion does not permit the examination of records or access to hearings and proceedings which are the work product of an attorney under section 22.7, subsection 4, or which are privileged communications under section 622.10.

To enforce this power, citizens' aide may "[i]ssue a subpoena to compel any person to appear, give sworn testimony, or produce documentary or other evidence relevant to a matter under inquiry." Iowa Code § 2C.9(4).

■ II. The threshold question in any dispute over the meaning of a statute is whether it contains an ambiguity. If it does not, the statute will be applied in accordance with its plain meaning. *Consolidated Freightways Corp. of Delaware v. Nicholas,* 258 Iowa 115, 120, 137 N.W.2d 900, 904 (1965) (explaining when the language of a statute is plain and its meaning clear, construction is unnecessary and we are not permitted to look beyond the statute for its meaning).

The statutes here, considered separately, are not ambiguous. The controversy arises only when they are jointly brought to bear on the facts. We think this latent conflict satisfies the threshold requirement. We therefore proceed to a consideration of the rules of statutory construction.

■ The parties advance familiar rules of construction in support of their opposing positions. Some of the suggested rules compete with each other; in other instances the parties stand on the same rule but suggest conflicting applications to the facts. They agree, as they must, that the ultimate goal of statutory interpretation is to give effect to the intent of the legislature. *Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 283 (Iowa 1983); *see also* Iowa R.App.P. 14(f)(13) (stating, "[i]n construing statutes the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said").

■ Both parties claim support from Iowa Code section 4.8 in their respective interpretations of legislative intent. Section 4.8 explains "[i]f statutes enacted at the same time or different sessions of the legislature are

irreconcilable, the statute latest in date of enactment by the general assembly prevails." The board notes that Iowa Code chapter 2C (formerly chapter 601G) was enacted in 1972, whereas chapter 272C (formerly chapter 258A) was not enacted until 1977. 1977 Iowa Acts ch. 95 § 6. Thus the confidentiality provisions of chapter 272C should prevail. In contrast citizens' aide notes that the original chapter 2C was amended several times, each time granting the citizens' aide a broader scope of discovery. Section 2C.9(3) was amended to its present form in 1988. 1988 Iowa Acts ch. 1247 § 1. Thus the discovery power of section 2C.9(3) should prevail. We however need not resolve this dispute because Iowa Code section 4.7 overrides section 4.8 in matters of statutory construction. *State v. Halverson*, 261 Iowa 530, 537–38, 155 N.W.2d 177, 181 (1967). The significance of Iowa Code section 4.7 will be discussed later.

The board strongly urges that the legislative history of chapter 2C supports its claim. We are permitted to consider the legislative history when interpreting ambiguous statutory provisions. Iowa Code § 4.6(3). Prior to the present controversy the governor vetoed two bills that would have given citizens' aide authority to access *"any record or document . . .* which is required by law to be kept confidential." H.F. 2394 § 3(a); H.F. 2487 § 3(a) (emphasis added). This amendment obviously would have granted citizens' aide authority to subpoena the records sought in the present case. The board suggests that the legislature's failed attempt to amend the law indicates an original intent that citizens' aide's subpoena power should yield to specific statutory exemptions such as the one involved here.

We think not. As is true with most courts, our decisions have fallen on both sides of this rule of interpretation. On one hand we observed that any material change in statutory language is presumed to indicate a change of rights. *State ex rel. Palmer v. Board of Supervisors of Polk County*, 365 N.W.2d 35, 37 (Iowa 1985); *Mallory v. Paradise*, 173 N.W.2d 264, 267 (Iowa 1969). On the other hand we recognized that some statutory amendments are intended only to clarify, rather than to change, what was legislative

intent all along. *Barnett v. Durant Community Sch.*, 249 N.W.2d 626, 629 (Iowa 1977). Under the facts here we find nothing in the failed amendments that aid in the interpretation.

III. It is unnecessary to extend this opinion by further detailing all the arguments and counter arguments under the rules of construction. It is enough to rely on one of the most fundamental ones. To resolve this matter of statutory interpretation we first attempt to reconcile the two provisions. Iowa Code § 4.7 (stating "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both"); *see Farmers Coop. Co. v. DeCoster*, 528 N.W.2d 536, 538 (Iowa 1995).

In *Grossheim* we dealt with similar tensions resulting from a citizens' aide investigation and resolved the dispute in favor of the investigation. We did so in great part by reconciling the investigatory rights with prison officials' need for confidentiality. To do so we relied on the continuing confidentiality of records in the hands of citizens' aide. 498 N.W.2d at 407.

Our holding in *Grossheim* was based on our understanding of legislative intent. Citizens' aide was created as a "watch dog" for state administrative agencies. To fulfill this role citizens' aide must have widespread access to agency's documentation. Significant here is the fact that a licensing board's investigative files maintain their confidential status even after obtained by citizens' aide. We assume (without deciding) that 141 Iowa Administrative Code chapter 3.10(2)(c) is a valid rule preventing disclosure of confidential information to the legislative or executive branches of government. We conclude that Iowa Code sections 2C.9(3) and 2C.9(4) grant citizens' aide access to licensing boards' investigation files otherwise deemed privileged and confidential under Iowa Code section 272C.6(4). This gives effect to both provisions.

It is unnecessary to resolve the parties' dispute in which both claim their statutory power is the "specific" one, entitled to the "specific prevails as an exception to the general" rule of Iowa Code section 4.7. Either

way the rule requires that the two provisions must be reconciled if they can be. The reconciliation noted in *Grossheim* thus controls the outcome here. Certainly we can find no abuse of discretion in the challenged trial court ruling, abuse being the standard of our review outlined in *Grossheim*. 498 N.W.2d at 407.

**AFFIRMED.**