Joyce J. HORNBY, Appellant,

v.

STATE of Iowa and Iowa State Board
of Regents, Appellees.

No. 95–1855.

Supreme Court of Iowa.

Feb. 19, 1997.

Larry J. Cohrt of Swisher & Cohrt, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Shirley A. Steffe, Assistant Attorney General, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and LAVORATO, JJ.

HARRIS, Justice.

The petition asserts that long-term disability benefits are "wages" under Iowa Code chapter 91A (1995). A threshold issue is whether the question can be reached. We think it can be reached and that the answer to it is yes. Therefore we reverse a contrary holding by the trial court.

The plaintiff Joyce Hornby held a tenured position at the University of Northern Iowa, a board of regents' institution. Her employment contract included long-term disability coverage. In April 1990 Joyce fell while at work and suffered injuries that ultimately prevented her from returning to her full-time position. After Joyce was placed in a temporary position with a reduced work load, the university gave her the choice of returning to her tenured position fulltime or accepting early retirement. She was not informed of the option of receiving long-term disability benefits granted to state employees under Iowa Code section 70A.20. Joyce chose early retirement, thus missing out on the opportunity to take long-term disability benefits, benefits that would have entitled her to greater retirement income than early retirement.

In June 1995 Joyce filed this action raising a breach-of-contract claim against the State and the Iowa board of regents [hereinafter collectively "the State"]. She asserted the State breached her employment contract by not providing her long-term disability coverage. The action also included a wage collection claim under Iowa Code chapter 91A for alleged failure to pay her long-term disability benefits.

The State moved to dismiss, claiming in part that the breach-of-contract claim involved agency action pursuant to Iowa Code chapter 17A, so that an administrative remedy pursuant to that chapter was Joyce's exclusive remedy. The State also claimed the disability benefits did not constitute "wages" subject to collection under Iowa Code chapter 91A. The district court granted the State's motion to dismiss Joyce's action and the matter is before us on her appeal.

Our review of a district court's ruling on a motion to dismiss is for correction of errors at law. *Estate of Dyer v. Krug,* 533 N.W.2d 221, 222 (Iowa 1995). Any decision to sustain or overrule a motion to dismiss must rest on legal grounds. *Id.* All facts alleged in the plaintiff's petition are regarded as true. *Renander v. Inc., Ltd.,* 500 N.W.2d 39, 40 (Iowa 1993).

I. Iowa Code section 17A.19(1) requires a party to "exhaust[ ] all adequate administrative remedies" prior to bringing an action in court to challenge "agency action." *See also North River Ins. Co. v. Iowa Div. of Ins.,* 501 N.W.2d 542, 545 (Iowa 1993). "Agency action" is defined in Iowa Code section 17A.2(2):

> *"Agency action"* includes the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof, or a failure to act, or any other exercise of agency discretion or failure to do so, or the performance of any agency duty or the failure to do so.

Thus, if Joyce's breach-of-contract claim against the State involves covered "agency action" under chapter 17A, then she must first exhaust her administrative remedies prior to bringing suit. *See Allegre v. Iowa State Bd. of Regents,* 319 N.W.2d 206, 209 (Iowa 1982). But not all administrative conduct involves the sort of agency action that requires invocation of the contested case procedure:

> We have recognized that some but not all agency action requires utilization of the contested case procedure. Agency action is a broad classification defined in Iowa Code section 17A.2(9) [now Iowa Code section 17A.2(2) (1995)] and includes rulemaking, adjudication (some but not all of which need be by a contested case procedure), and the performance of any other agency duties.

*Sindlinger v. Iowa State Bd. of Regents*, 503 N.W.2d 387, 389 (Iowa 1993) (footnote omitted) (citing *Polk County v. Iowa State Appeal Bd.*, 330 N.W.2d 267, 276–77 (Iowa 1983)).

Joyce's contract claim does not involve an issue, such as tenure or job performance, normally thought to be within the regents' expertise. This is borne out by the absence of any administrative program for long-term disability benefits, nor any administrative rules to process complaints that these benefits have been wrongly denied. The State's reliance on *Genetzky v. Iowa State University*, 480 N.W.2d 858 (Iowa 1992), a faculty tenure dispute, is not well founded.

Joyce should not be faulted for failing to exhaust a review procedure that was not provided by rule. Her case calls for application of the point made in *Jew v. University of Iowa*, 398 N.W.2d 861, 864 (Iowa 1987): "[W]here ... the action challenged bears scant relation to the agency's statutory mandate or supposed area of expertise, agency employees should enjoy the same right to pursue matured statutory causes of action as other employees."

We conclude that Joyce's contract suit was not barred for failure to exhaust an administrative remedy.

■ II. We come then to the question whether Joyce's long-term disability benefits are "wages" under Iowa Code chapter 91A.

*"Wages"* means compensation owed by an employer for:

    a. Labor or services rendered by an employee, whether determined on a time, task, piece, commission, or other basis of calculation.

    b. Vacation, holiday, sick leave, and severance payments which are due an employee under an agreement with the employer or under a policy of the employer.

    c. *Any payments to the employee* or to a fund for the benefit of the employee, *including but not limited to payments for medical, health, hospital, welfare,* pension, or profit-sharing, *which are due an employee under an agreement with the employer* or under a policy of the employer. The assets of an employee in a fund for the benefit of the employee, whether such assets were originally paid into the fund by an employer or an employee, are not wages.

    d. Expenses incurred and recoverable under a health benefit plan.

Iowa Code § 91A.2(7) (emphasis added).

■ In interpreting a statute we apply certain well-settled rules. Statutory interpretation is a question of law for the court to determine. *American Asbestos Training Ctr., Ltd. v. Eastern Iowa Community College*, 463 N.W.2d 56, 58 (Iowa 1990). The ultimate goal of statutory interpretation is to give effect to the intent of the legislature. *Citizens' Aide/Ombudsman v. Miller*, 543 N.W.2d 899, 902 (Iowa 1996). We are guided by what the legislature actually said, rather than that which it might or should have said. Iowa R.App.P. 14(f)(13). "Ordinarily, where the legislature defines its own terms and meanings in a statute, the common law and dictionary definitions which may not coincide with the legislative definition must yield to the language of the legislature." *State v. Steenhoek*, 182 N.W.2d 377, 379 (Iowa 1970); *see also Henrich v. Lorenz*, 448 N.W.2d 327, 332 (Iowa 1989) ("The legislature may act as its own lexicographer."). A statute that "regulates conduct for the public good or welfare is ordinarily remedial and liberally interpreted." *First Iowa State Bank v. Iowa Dep't of Natural Resources*, 502 N.W.2d 164, 166 (Iowa 1993).

Our most recent interpretation of section 91A.2(7) was in *Phipps v. IASD Health Services Corp.*, 558 N.W.2d 198 (Iowa 1997). In *Phipps* the employer's practice of "gainsharing" involved an opportunity for employees to "receive money based on the performance of the company and [was] considered part of an employee's compensation." *Phipps*, 558 N.W.2d at 201. To qualify for this an employee could not be on probation on December 31 and must have been employed for at least one year. *Id.* We determined this "gainsharing meets the broad definition of 'wages'" in section 91A.2(7), but that the employee's claim failed on other grounds. *Id.* at 202.

In *Dallenbach v. MAPCO Gas Products, Inc.,* 459 N.W.2d 483, 488 (Iowa 1990), we held an employee's annual bonus was wages under section 91A.2(7) because it "clearly was part of the compensation owed him for his labor or services." The bonus was a contractual right of the employee. *Dallenbach,* 459 N.W.2d at 486.

Applying the plain language of Code section 91A.2(7)(c) to the facts appearing here, Joyce's long-term disability benefits are "wages" within the statute. The benefits are "payments to the employee" that are "for the benefit of the employee" for "health, hospital, [or] welfare ... which are due an employee under an agreement with the employer." Iowa Code § 91A.2(7)(c). Under the facts alleged, which at this point must be taken as true, Joyce has a contractual right to long-term disability benefits.

This conclusion is supported by the fact that chapter 91A is a remedial statute. The chapter is meant to facilitate the public policy of allowing employees to collect wages owed to them by their employers. *See Phipps,* 558 N.W.2d at 202. This type of remedial statute is to be liberally construed. *First Iowa State Bank,* 502 N.W.2d at 166.

The judgment of the trial court is reversed and the case remanded for reinstatement of Joyce's petition.

**REVERSED AND REMANDED.**