Michael J. PORTZ, Appellant,

v.

**IOWA BOARD OF MEDICAL
EXAMINERS, Appellee.**

No. 95–1982.

Supreme Court of Iowa.

May 21, 1997.

John A. McClintock and David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Theresa O'Connell Weeg, Assistant Attorney General, for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

This is a challenge to a subpoena duces tecum issued by the Iowa board of medical examiners. It sought confidential records kept by a licensed optometrist concerning optometry patients who were also patients of a medical doctor being investigated by the board. We think the board had general authority to subpoena the materials sought, but find it did not make sufficient showing to justify their production in this case.

Michael Portz, the licensed optometrist, received the subpoena from respondent board in January 1995. The board sought the confidential records of several of Portz's patients who were also being treated by Robert F. Tobin, the licensed physician who was under investigation by the board regarding questions concerning his care of those patients.

Portz moved to quash the subpoena, asserting it improperly sought the records without authorization from the patients, and also that the medical board lacked authority to subpoena the records of an optometrist. An administrative law judge rejected the motion to quash. On judicial review the district court ruled that the board had authority to issue the subpoena as a part of its investigatory power. The matter is before us on Portz's appeal from that ruling.

■ We review a district court's refusal to quash a subpoena issued by an agency on error. *Citizens' Aide/Ombudsman v. Miller,* 543 N.W.2d 899, 901 (Iowa 1996). Because an agency's subpoena power is essentially a tool of discovery, we reverse the district court's refusal to quash the subpoena only on a showing of abuse of discretion. *Id.*

I. The board contends Portz's challenge should be dismissed on the claim he failed to exhaust it at the administrative level. The exhaustion requirement is a rubric and bedrock of administrative law; under Iowa Code section 17A.19 (1995), courts undertake review of administrative action only after full completion of any challenge available at the administrative level. In other words courts cannot be asked to review an administrative matter until the point has been fully pursued and lost before the agency.

■ The exhaustion requirement serves several purposes, "including honoring agency expertise, handling matters within an agency and not in the courts, and preserving precious judicial resources." *IES Utils., Inc. v. Iowa Dep't of Revenue & Fin.,* 545 N.W.2d 536, 538 (Iowa 1996). The requirement "seeks to insure an intra-agency review so that the agency will have a chance to correct its own errors." *Squealer Feeds v. Pickering,* 530 N.W.2d 678, 681 (Iowa 1995).

■ The exhaustion rule presupposes an adequate administrative remedy that can be exhausted. We recognize an exemption to the requirement when a

plaintiff claims an adequate administrative remedy does not exist for the claimed wrong, or stated otherwise, plaintiff will suffer "irreparable injury of substantial dimension" if not allowed access to district court prior to exhausting all administrative remedies.

*IES Utils.,* 545 N.W.2d at 539 (citations omitted). We recently held that a party aggrieved by agency action is not required to exhaust a review procedure that is not provided by agency rules. *Hornby v. State,* 559 N.W.2d 23, 25 (Iowa 1997).

■ Portz's right to seek judicial review from the ruling of the administrative law judge thus depends on whether it was final, or whether, as the board insists, he spurned some further step available to him at the administrative level. The board contends Portz could—and should—have appealed the administrative law decision to the board it-

self. We however think Portz is correct in insisting he took his challenge as far as he could within the agency.

In listing the matters in which it claims authority to act, the board omits mentioning appeals from an administrative law judge's ruling regarding a motion to quash. *See* Iowa Admin. Code r. 653—10.3(5) (1994).[1] According to the administrative code, the board acts only in an appellate role when it hears appeals following a contested case. *See* Iowa Admin. Code r. 653—12.50(29) (1996) (providing for an appeal of a proposed decision to the full board). So the exhaustion question is controlled by our holding in *Hornby* because Portz had no available administrative remedy provided by agency rules. *See Hornby*, 559 N.W.2d at 25.

It is important to recognize that Portz was *not* the subject of the board's investigation. If he *were*, the administrative law judge's refusal to quash the subpoena would not have constituted final agency action. This is because, under our holding in *Christensen v. Iowa Civil Rights Commission*, 292 N.W.2d 429, 431 (Iowa 1980), there would have been no final agency action until the board concluded its investigation and finally acted on it.

But Portz was not a subject of the investigation, and the refusal of the administrative law judge to quash the subpoena was final action. If at that point Portz refused to obey the subpoena, the district court necessarily would become implicated because the board could only enforce its subpoena by resorting to district court. *See* Iowa Code § 272C.6(3); Iowa Admin. Code r. 653—12.50(20) (1996). If on the other hand Portz did obey the subpoena and surrendered the records, he would have no further proceedings with the board. The board would simply use the records in its investigation and possible disciplinary proceedings. So Portz would never be able to effectively contest the subpoena.

Portz would suffer irreparable injury if he could not now contest the subpoena. If he were forced to surrender the records and only later assert his challenge, the confidential records of his patients would already be, in his view, compromised. This is the very injury he seeks to prevent by his petition— and it would have been inflicted prior to judicial review.

We therefore reject the board's exhaustion argument and proceed to the merits of Portz's challenge. It is posited on three alternative contentions. Portz argues subpoena power does not exist until an actual disciplinary proceeding is pending. He also argues the medical board's subpoena power does not extend to him because he is a

1. This rule provides the board has the authority to:

   a. Administer the statutes and rules relating to the practice of medicine and surgery, osteopathic medicine and surgery, osteopathy, and the practice of acupuncture by registrants.

   b. Review or investigate, upon receipt of a complaint or upon its own initiation, based upon information or evidence received, alleged violations of statutes or rules which relate to the practice of medicine and surgery, osteopathic medicine and surgery, osteopathy, and the practice of acupuncture by registrants.

   c. Determine in any case whether an investigation or a disciplinary action is warranted.

   d. Initiate and prosecute disciplinary proceedings.

   e. Impose licensee discipline.

   f. Petition the health department to request that the attorney general file appropriate court action for enforcement of the board's authority relating to the licensees or other persons violating statutes or rules the board is charged with administrating or enforcing.

   g. Establish and register peer review committees.

   h. Refer to a registered peer review committee for investigation, review, and report to the board, any complaint or other evidence of an act or omission which the board has reasonable grounds to believe may constitute cause for license discipline. However, the referral of any matter shall not relieve the board of any of its duties and shall not divest the board of any authority or jurisdiction.

   i. Determine and administer the renewal of licenses.

   j. Establish and administer rules for continuing education requirements as a condition to license renewal.

   k. Establish fees for examination, fees for the issuance of licenses and fees for other services provided by the board.

   l. Establish committees of the board, the members of which except for the executive committee, shall be appointed by the board chairperson and shall not constitute a quorum of the board.

   Iowa Admin. Code r. 653—10.3(5).

licensee of a different board. And he argues the board, in order to issue a subpoena, was required—but failed—to show the matters sought are necessary for its investigation. These contentions will be addressed in the following divisions.

II. The first contention in Portz's challenge focuses on the nature and scope of the proceedings for which the subpoena was issued. Portz thinks the board's subpoena power extends only to pending disciplinary proceedings and does not exist for investigations, such as this one, that might or might not lead to full disciplinary proceedings.

The Iowa board of medical examiners, a creature of Iowa Code chapter 147, is granted subpoena power under Iowa Code section 272C.6(3).[2] The board holds separate statutory subpoena power under Iowa Code section 17A.13(1). We however need not decide whether the subpoena power at issue here exists under this section. As will be explained, we think the power exists under section 272C.6(3) and authority under that section is sufficient.

There are concededly important distinctions between a board's investigatory and disciplinary powers. *See Doe v. Iowa State Bd. of Physical Therapy and Occupational Therapy Exam'rs*, 320 N.W.2d 557, 560 (Iowa 1982). But there is no reason to conclude that subpoena power should not be important to both functions, and the board claims subpoena power at the investigatory stage under its own regulation. Iowa Administrative Code rule 653—12.50(19) (1996) grants the board authority to subpoena confidential or privileged records as part of its investigation of complaints in order to determine if probable cause exists for disciplinary proceedings against a licensee.

In *McMaster v. Iowa Board of Psychology Examiners*, 509 N.W.2d 754 (Iowa 1993), a case involving an investigation that had not yet developed into a disciplinary proceeding,

we held that Code section 272C.6(3) "is broad enough to reach records in possession of a [licensee] not under investigation." 509 N.W.2d at 756. This interpretation is only a limited threat to the confidential nature of the records sought. The records are to be seen only by the board during its investigation. *See* Iowa Code § 272C.6(4). This protects their confidentiality and prevents their being released after the investigation. We considered the continuing confidential status of analogous material to be significant in support of a subpoena approved in *Citizens' Aide/Ombudsman*, 543 N.W.2d at 903.

On the basis of our holding in *McMaster*, we reject Portz's claim that the subpoena power accrues only after a disciplinary proceeding is instituted. Subpoena power exists earlier at the investigatory stage.

III. We also reject Portz's contention that his status as a licensee of another board puts him beyond the reach of the medical board's subpoena power. We find no support for his argument in either the statutory language or its legislative purpose. We rejected a similar argument in *McMaster*, 509 N.W.2d at 757–58.

IV. Portz's final claim is that the board failed to establish the proper showing of necessity required to subpoena confidential records. He claims section 272C.6(3), as interpreted in *McMaster*, requires the board to make this showing.

Iowa Code section 272C.6(3) allows the board to subpoena records "which are deemed *necessary* as evidence in connection with a disciplinary proceeding.... *Upon proper showing*, the district court shall order the person to obey the subpoena." (Emphasis added.) The statute thus allows the board to subpoena only those records *necessary* for its investigation of Tobin.

---

2. Iowa Code § 272C.6(3) provides in material part:

The presiding officer of a hearing panel may issue subpoenas pursuant to rules of the board on behalf of the board or on behalf of the licensee. A licensee may have subpoenas issued on the licensee's behalf. A subpoena issued under the authority of a licensing board may compel the attendance of witnesses and the production of professional records, books, papers, correspondence and other records, whether or not privileged or confidential under law, which are deemed necessary as evidence in connection with a disciplinary proceeding.

Because the board did not establish its right to the records under procedure outlined in *McMaster*, 509 N.W.2d at 759–60, the district court should have quashed the subpoena. The judgment of the district court must be reversed and the case remanded for entry of judgment accordingly.

**REVERSED AND REMANDED.**