David A. Morse of Garten & Wanek, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and James S. Wisby, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and CADY, JJ.

CARTER, Justice.

Defendant, George Wesley Dunbar, appeals from a judgment entered against him in favor of the University of Iowa based on nonpayment of student loans. The loans occurred in 1977 and 1978. The action to collect on the loans was commenced in 1996. Dunbar urged that the claims were time-barred pursuant to Iowa Code sections 614.1(5) and 614.5 (1995). The district court held that any statute of limitations otherwise applicable to the claims is abrogated by the provisions of Iowa Code section 262.19. Because we agree with that conclusion, we affirm the judgment of the district court.

Dunbar attended the University of Iowa as a graduate student from August 1977 through December 1978. He received finan-

**UNIVERSITY OF IOWA, Appellee,**

v.

**George Wesley DUNBAR, Appellant.**

No. 97–889.

Supreme Court of Iowa.

March 24, 1999.

cial assistance from the National Direct Student Loan Program. There were provisions in the student loan agreements that the fulfilling of certain teaching responsibilities after graduation would result in a reduction of the amounts owed. After graduating with a Masters Degree in Public Affairs, Dunbar taught briefly at Kirkwood College in Cedar Rapids.

During most of the time that transpired between his obtaining of a degree from the University and the commencement of the present action, Dunbar resided in California. During this time, there was some correspondence with him concerning the repayment of the loans, and in his responses, he pressed for an acknowledgment of his entitlement to a reduction based on his teaching in the State of Iowa. The dispute between Dunbar and the University over the claimed reduction was never resolved; however, the district court found that his teaching at Kirkwood College was not the type of teaching that would qualify him for a reduction of payments.

In 1993 Dunbar, who had by that time attained a law degree, returned to Iowa and sought admittance to the Iowa Bar. The loan dispute resurfaced at this time. In 1996 the University commenced the present action. Dunbar admits that he has made no payment on any of his student loans during the period since his graduation. The University has requested payment in the amount of $10,385.66, and the district court adjudged Dunbar to be liable for that sum.

■ Iowa Code section 262.19 provides: "No lapse of time shall be a bar to any action to recover on any loan made on behalf of any institution." Because this statute is contained in the chapter of the Code dealing with the Iowa Board of Regents' institutions, it is implicit that the words "any institution" refer to the Board of Regents' institutions. Dunbar does not dispute that interpretation. He does claim, however, that the provisions of section 262.19 were intended to have limited applicability to a certain category of loans made from a particular fund established in the late 1800s and no longer in existence. Section 262.19 does not, he contends, apply to loans made pursuant to the National Direct Student Loan Program.

The genesis of a statutory abrogation of time limitations on collecting loans by state colleges and universities is found in Iowa Code section 2639 (1897). That statute pertained exclusively to funds owed from the sale of land by the State University of Iowa. It was directed at actions by the treasurer of the State University of Iowa to collect monies owed for those land sales. At that time, the sections of the Code dealing with the State University of Iowa, the College of Agriculture and Mechanical Arts, and the State Normal School were contained in different chapters of the Code. In 1924 the statute abrogating time limitations on collections of the land sale monies by the treasurer of the University of Iowa was eliminated in the complete Code revision enacted in that year. This was a Code enacted in its entirety by the legislature and not a compilation. The provisions for sale of public lands by the State University of Iowa that had been contained in the 1897 Code were also eliminated. The present version of section 262.19 was enacted as chapter 195, section 3931 of the 1924 Code. It was contained in a chapter dealing with all of the Board of Regents' institutions.

■ The intent of the legislature is the polestar of statutory construction and is primarily to be ascertained based on the language employed in the statute. *Carolan v. Hill*, 553 N.W.2d 882, 887 (Iowa 1996); *Citizens' Aide/Ombudsman v. Miller*, 543 N.W.2d 899, 902 (Iowa 1996). The language contained in section 262.19 is not ambiguous and is not limited as to either the types of loans to which it applies or the particular institution making the loan. We conclude that the district court correctly interpreted the statute as abrogating any statute-of-limitations defense otherwise available to Dunbar. We have considered all arguments presented and conclude that the judgment of the district court must be affirmed.

**AFFIRMED.**