# IN THE COURT OF APPEALS OF IOWA

No. 19-0667
Filed February 5, 2020


**129 STATE, L.L.C., and PATRICIA J. BROWN, as Trustee under the Revocable Living Trust Agreement of Patricia J. Brown,**
    Plaintiffs-Appellees,

**vs.**

**HOWARD 209, L.C.,**
    Defendant-Appellant.

_____


Appeal from the Iowa District Court for Story County, Dale E. Ruigh, Judge.


Howard 209, L.C. appeals the district court's order on the parties' competing motions for summary judgment. **AFFIRMED.**


Daniel P. Kresowik and James E. Nervig of Brick Gentry P.C., West Des Moines, for appellant.

Lucas B. Draisey of Davis Brown Law Firm, Des Moines, and Brian D. Torresi of Davis Brown Law Firm, Ames, for appellees.


Heard by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

This appeal presents the question of whether a petition alleging a violation of a use restriction was timely filed.

Howard 209, L.C. obtained title to certain property in an Ames subdivision and leased it to third parties. The lease violated a restrictive covenant requiring the property to be "occupied and used as the primary residence of the then current titleholders" and prohibiting the property from being "used and occupied as property for which rental income [was] to be received." The covenant was included in a 2007 warranty deed.

In 2018, 129 State, L.L.C., "as a titleholder of real property within the Subdivision," sued Howard 209 for injunctive relief. Howard 209 moved for summary judgment, arguing 129 State's petition was barred by the ten-year statute of limitations set forth in Iowa Code section 614.17A. *See* Iowa Code § 614.17A(1)(a) (2018) ("[A]n action shall not be maintained . . . to recover or establish an interest in or claim to real estate if [it] . . . is based upon a claim arising more than ten years earlier or existing for more than ten years."). 129 State filed a cross-motion for summary judgment, asserting the twenty-one year statute of limitations set forth in section 614.24 applied to its claim. *See id.* § 614.24(1) ("No action based upon any claim arising or existing by reason of the provisions of any deed . . . providing for any . . . use restrictions in and to the land therein described shall be maintained . . . against the holder of the record title to such real estate in possession after twenty-one years from the recording of such deed . . . ."). 129 State asked for judgment in its favor.

The district court concluded "the 21-year limitations period of section 614.24 applies to enforcement of the restrictive covenants in this case, rather than the 10-year period of section 614.17A."  The court reasoned in part that "[t]he restrictive covenants in this case are 'use restrictions' explicitly governed by section 614.24."  After finding the petition timely, the court enjoined Howard 209 from leasing the property to third parties.

On appeal, Howard 209 contends the district court erred in declining to find the petition untimely under the "the ten-year limitations period of Iowa Code section 614.17A."  Howard 209 acknowledges section 614.24 applies to use restrictions but claims "the use restriction in the subject deed is [also] 'an interest in or claim to real estate' within the meaning of section 614.17A."  In its view, the absence of a "statement in either statute to indicate that the legislature intended use restrictions to be subject solely to the section 614.24 statute of limitations and not to the section 614.17A statute of limitations" means that "a court must give effect to all the words in both statutes."

Section 614.24 expressly applies to "use restrictions."  The statute defines a "use restriction" as

> a limitation or prohibition on the rights of a landowner to make use of the landowner's real estate, including but not limited to limitations or prohibitions on commercial uses, *rental use*, parking and storage of recreational vehicles and their attachments, ownership of pets, outdoor domestic uses, construction and use of accessory structures, building dimensions and colors, building construction materials, and landscaping.

*Id.* § 614.24(5) (emphasis added).  It is undisputed that the covenant prohibiting rental of Howard 209's property was a "use restriction."  Section 614.24 is the more specific statute. *See Seeberger v. Davenport Civil Rights Comm'n*, 923 N.W.2d

564, 571 (Iowa 2019) (stating "the specific statutes control" where there is a conflict or ambiguity between a general and specific statute). Accordingly, we conclude section 614.24 was the operative statute of limitations.

In reaching this conclusion, we have considered *West Lakes Properties, L.C. v. Greenspon Property Management, Inc.*, No. 16-1463, 2017 WL 4317297, at *2–3 (Iowa Ct. App. Sept. 27, 2017), cited by Howard 209. That opinion applied section 614.17A to a right of first refusal, an interest that is not at issue here.

Nor does *Franklin v. Johnston*, No 15-2047, 2017 WL 1086205, at *6–8 (Iowa Ct. App. Mar. 22, 2017) assist Howard 209. There, this court separately addressed a use restriction and a right of first refusal and concluded section 614.24 applied to the use restriction.

Finally, we cannot read anything into a failed amendment to section 614.17A exempting use restrictions from its purview. *See* S.F. 221, 88th Gen. Assemb. 6, 1 (Iowa 2019); *see also Citizens' Aide/Ombudsman v. Miller*, 543 N.W.2d 899, 903 (Iowa 1996) (finding "nothing in the failed [statutory] amendments that aid in the interpretation"). The amendment, failed or not, matters little in the face of section 614.24's express reference to use restrictions.

Because 129 State's petition falls squarely within the twenty-one year limitations period set forth in section 614.24, the district court did not err in concluding the petition was timely and in granting 129 State's cross-motion for summary judgment. *See Hollingshead v. DC Misfits, LLC*, ___ N.W.2d ___, ___, 2020 WL 250528, at *2 (Iowa 2020) (setting forth standard of review for summary judgment).

**AFFIRMED.**